Yvonne Lewis MONTGOMERY,
Plaintiff-Appellee,

v.

Toxey E. HALL, M.D.,
Defendant-Appellant.

No. 78–3061
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 2, 1979.

Philip Mansour, Stephen L. Thomas, Greenville, Miss., James T. Bridges, Belzoni, Miss., for defendant-appellant.

Wynn & Bogen, Eugene M. Bogen, Greenville, Miss., Frank J. Kaveney, Clayton, Mo., for plaintiff-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

Defendant appeals the district court's denial of his motion to vacate a judgment on grounds of alleged fraud and misconduct by the plaintiff. Federal Rule of Civil Procedure 60(b)(3) provides that a court may relieve a party from a final judgment for those reasons. Fed.R.Civ.P. 60(b)(3). However, the party making the rule 60(b)(3) motion must establish by clear and convincing evidence (1) that the ad-

le 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

verse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1341 (5th Cir. 1978). The resolution of these two issues is within the trial court's discretion, and on review, our only inquiry is whether the trial court abused its discretion. *Id.* at 1346.

■ Defendant argues that the plaintiff's alleged failure to fully answer two interrogatories constitutes the requisite misconduct. Our cases have held that a party may engage in rule 60(b)(3) misconduct if he fails to disclose evidence he knows about and the production of such evidence was clearly called for "by any fair reading" of the discovery order. *Id.* at 1341. We have carefully examined the record and agree with District Judge William C. Keady's conclusion that in this case a fair reading of the discovery order did not call for the evidence in question. As Judge

Keady stated, "We do not perceive that a request for the names of treating physicians can fairly be said to require the disclosure of all *places* where the plaintiff may have been treated without regard to the presence or absence of a treating physician." [1]

■ Clearly, then, we cannot conclude that the district court abused its discretion in finding that the defendant failed to establish misconduct by the plaintiff. For this reason, we affirm the trial court's denial of the defendant's motion to vacate judgment.

AFFIRMED.

1. In response to the request for the names of treating physicians, plaintiff failed to disclose a clinic she had visited where she had been examined by a nurse.