757 F.2d 215
 E.F. HUTTON & COMPANY, INC., Appellee,
v.
Melford BERNS and Lenny Garcia, Appellants.
Gerald J. AUL, Fred Rubin, and Norton Paul Balder a/k/a
Norton Paul Balber
v.
Bruce O'DELL.
 No. 84-1835.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 16, 1985.
Decided March 20, 1985.
 
 Irl B. Baris, St. Louis, Mo., for appellants.
 John C. Garavaglis, St. Louis, Mo., for appellee.
 Before LAY, Chief Judge, and John R. GIBSON and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Melford Berns and Lenny Garcia appeal from a magistrate's denial of their motion for relief from final judgment. See Fed.R.Civ.P. 60(b)(3). Berns and Garcia contend that: (1) certain statements made by E.F. Hutton witnesses and attorneys during the course of trial were false and intentionally misleading and, as a result, they were prevented from fully and fairly presenting their case; (2) the magistrate committed error in refusing to permit them to examine documents examined by the court in camera. We affirm.
 
 
 2
 In 1979, E.F. Hutton & Company (Hutton) filed suit in district court against Berns, Garcia, and others, seeking damages for money due on purchases of Victoria Station stock, Security Act violations, and fraud. Berns and Garcia counterclaimed, contending that Hutton representatives misrepresented that Victoria Station stock would substantially increase in value because of an imminent merger or takeover. Shortly after this suit was filed, the Securities and Exchange Commission (SEC) instituted an investigation into the transactions involving Victoria Station stock. Berns and Garcia, as well as Hutton personnel, were subpoenaed by and testified before the SEC. The case itself, tried before a United States magistrate, resulted in a jury verdict in favor of Hutton and against Berns, Garcia, and the other named defendants.
 
 
 3
 After entry of judgment, Berns and Garcia filed a motion for judgment n.o.v. and in the alternative for a new trial. The magistrate overruled their motion, and Berns and Garcia filed a notice of appeal with this court. See E.F. Hutton & Co. v. Berns, 682 F.2d 173 (8th Cir.1982). While the appeal was pending, the SEC made public an order instituting proceedings and imposing remedial sanctions against two Hutton employees for their dealings in Victoria Station stock. Berns and Garcia then filed a motion seeking relief from final judgment under Federal Rule of Civil Procedure 60(b)(3).
 
 
 4
 In their Rule 60(b)(3) motion, Berns and Garcia claimed that during the course of the trial Hutton witnesses and attorneys made frequent misrepresentations to the jury and to the court that the SEC had investigated the case, the investigation had been terminated, Hutton and its representatives had been exonerated, and that no charges or complaints had been filed or were pending against them. Berns and Garcia claimed that as a result of these misrepresentations they were prevented from fully and fairly presenting their case and that they were entitled to relief from the adverse judgment against them.
 
 
 5
 Following a hearing at which Berns and Garcia provided the court with numerous references to the original trial transcript and various other exhibits as evidence of misrepresentations on the part of Hutton and its attorneys during the trial, the magistrate denied the Rule 60(b)(3) motion. Berns and Garcia now appeal from the magistrate's decision.
 
 
 6
 Federal Rule of Civil Procedure 60(b)(3) provides for relief from a final judgment where there has been "fraud * * *, misrepresentation or other misconduct of an adverse party." To prevail on a Rule 60(b)(3) motion, the moving party "must establish that the adverse party engaged in fraud or other misconduct and that this conduct prevented the moving party from fully and fairly presenting its case." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir.1983). See also Montgomery v. Hall, 592 F.2d 278, 279 (5th Cir.1979); Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir.1978). The movant's burden of proof is one of "clear and convincing evidence." Rozier, 573 F.2d at 1339. It is within the trial court's discretion to determine whether the Rule 60(b)(3) test has been met, and on review the only inquiry is whether there has been an abuse of discretion. See Montgomery, 592 F.2d at 279.
 
 
 7
 We cannot say that the trial court abused its discretion in denying Bern's and Garcia's Rule 60(b)(3) motion. The representations by Hutton witnesses and attorneys can be broken down into two categories: those made within the presence of the jury and those made to the court, outside the jury's presence. Berns and Garcia argue that Hutton falsely represented to the jury that: (1) the SEC investigation of Hutton had been completed; (2) Hutton had been exonerated by the SEC; and (3) the SEC had not brought any charges against Hutton or persons affiliated with the company. Our review of the record reveals that no Hutton witness ever represented to the jury that the SEC had exonerated Hutton of all charges. In fact, a Hutton witness quite candidly stated during trial that there was an SEC investigation still pending and that he believed Hutton was not totally exonerated but, to his knowledge, no charges had been filed against Hutton or its representatives. Thus, the jury was aware that there was an ongoing SEC investigation and that Hutton had not been exonerated. Further, Berns and Garcia had ample opportunity to cross-examine Hutton as to the nature of the SEC investigation. Finally, these statements were detrimental to Hutton rather than to Berns and Garcia. All of the representations were made on the basis of Hutton's knowledge at the time of trial. At the time the statements were made, no charges had in fact been filed against Hutton. Only after the case was decided did the SEC institute public proceedings and impose remedial sanctions against two Hutton representatives.
 
 
 8
 Berns and Garcia also challenge two instances where statements were made to the court outside the presence of the jury. The most serious of these statements was made by a Hutton attorney who stated to the court that Hutton had been told by the SEC that it was exonerated from any charges arising out of the incident and that the SEC investigation was terminated. Although this statement is most accurately construed as misleading, we cannot say that the statement prejudiced Berns' and Garcia's presentation of their case.
 
 
 9
 First, this statement was never heard by the jury and could not have influenced them in any way. Second, the statement to the court was made after the statement to the jury by a Hutton witness that the SEC investigation was still pending and that Hutton had not been exonerated. Third, Berns and Garcia had a full and fair opportunity to cross-examine Hutton witnesses regarding possible charges had they chosen to do so. We do not believe that Berns and Garcia have been prevented from "fully and fairly" presenting their case as required under Rule 60(b)(3).
 
 
 10
 We also do not agree with Berns' and Garcia's contention that the magistrate committed error in refusing to permit them to examine documents subpoenaed from Hutton and its employees after the SEC announcement of remedial sanctions. These documents were part of an in camera inspection by the magistrate.
 
 
 11
 The most these documents would have revealed was that the SEC investigation against Hutton was still pending. The jury was already put on notice of this fact by statements made by Hutton witnesses. The documents also cannot change the fact that the SEC charges against the two Hutton employees were not brought until after the trial. Finally, since there was no misrepresentation on the part of Hutton, the documents would be of no value to Berns and Garcia.
 
 
 12
 Accordingly, the magistrate's decision denying the motion for relief from final judgment is affirmed.