UNITED STATES of America, Appellee,

v.

Elam L. DENHAM and Mary R. Denham, Appellants.

No. 86–2056.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1986.

Decided May 6, 1987.

---

**1308**

Lanny K. Solloway, Fayetteville, Ark., for appellants.

Larry R. McCord, Fort Smith, Ark., for appellee.

Before HEANEY, FAGG and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Elam and Mary Denham appeal the district court's denial of their motion for relief from judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure. We reverse and remand the case for a hearing.

### BACKGROUND

As a result of their default on a note in the original amount of $215,000, the Small Business Administration (SBA) brought an action, on October 17, 1985, against the Denhams to obtain a judgment and to foreclose on mortgaged property securing the note. Other creditors of the Denhams with various interests in the mortgaged property were also named as defendants in the action. Among these creditors was the Denhams' attorney, Julian Streett. Since Streett was a co-defendant and creditor, as a result of liens he placed on the Denhams' property securing attorney's fees owed for past work, he advised the Denhams that he could not represent them in the matter and referred them to another attorney, James Kennedy.

On March 28, 1986, the Denhams learned that the matter was set for trial on May 21, 1986. They allege that their lawyers did nothing to prepare for trial from March 28 to May 21, informing them that they had no defenses to the suit and that they should settle it. They allege they were told that if they agreed to settle, the SBA would agree to release their residence from the suit and would be held to a strict accounting, that any judgment would not take effect until sixty days after it was entered, and that should the Denhams find a buyer for any of the property prior to the foreclosure sale, the SBA would release the property for a specified amount.

On the morning of May 21, 1986, (the date on which the trial was scheduled) Mary Denham met with her attorney and was informed that the SBA would not agree to release the residence from the suit, but would agree to sell commercial property first, undeveloped property second, and the residence last. The Denhams allege they agreed to this arrangement only because they knew their attorneys had done nothing to prepare for trial.

Also on the morning of May 21, a settlement conference was held and a settlement was read into the record of the district court. The Denhams were not present either for the conference or when the record was made. As a result of the settlement, the SBA obtained a judgment in the amount of $243,852.96, McIlroy Bank, another of the Denhams' creditors, obtained a judgment in the amount of $11,726.14, and Streett obtained a judgment in the amount of $14,183.63. The settlement also provided for a foreclosure sale sixty days after the hearing at which time undeveloped property would be sold first, commercial property second, and the residence last. A judgment was entered on June 12, 1986, in conformity with the agreement and was modified on July 17, 1986.

On July 9, 1986, the Denhams moved for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b). They argued that their attorney's consent to the settlement on May 21, 1986, was unauthorized and against their wishes and that the proposed settlement was only agreed to under duress because their attorney had not prepared for trial. In addition, they contended that although Kennedy had become their attorney of record, in reality, Streett continued to serve as their attorney throughout the term of the lawsuit. The Denhams argued that this arrangement presented a conflict of interest because

Streett was a named defendant in the suit and held mortgages on several of the properties that were the subject matter of the suit. Finally, the Denhams argued that because of their attorney's actions, they were unable to present valid defenses to the SBA's action. These alleged defenses were: 1) that the SBA has not credited payments made in the past; 2) that certain mortgages given the SBA were not supported by consideration; and 3) that the SBA consolidated various loans at a higher interest rate than it was entitled.

The district court, in a letter memorandum, denied the motion. The court found the Denhams' motion was not timely because it was filed slightly more than one week before the scheduled foreclosure sale in an apparent "last ditch" attempt to hold off the sale. The court also found the Denhams' filings had not met any of the substantive requirements for a rule 60(b) motion. It stated that the Denhams came closest to alleging fraud or misrepresentation, *see* Fed.R.Civ.P. 60(b)(3), but that the rule is not intended to cover acts by the attorneys for the parties and, in any event, because any excess after satisfaction of the judgments of the SBA and McIlroy would be paid into the registry of the court subject to further orders of the court, any fraud in the action did not result from the actions of an adverse party as required by rule 60(b)(3). Finally, the district court held that the Denhams had not sufficiently alleged defenses to the SBA's claims insofar as the allegations were nothing more than conclusions, unsupported by any claimed facts. The Denhams appeal.

## ANALYSIS

The provisions of Federal Rule of Civil Procedure 60(b) relevant to this case provide for relief from a final judgment if a court finds "fraud, * * * misrepresentation, or other misconduct of an adverse party" or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(3) and (6). The movant must establish its right to such relief by clear and convincing evidence. *E.F. Hutton & Co. v. Berns*, 757 F.2d 215, 217 (8th Cir.1985). Nonetheless, in considering a rule 60(b) motion, a court is entitled to assume that the movant's factual allegations are true, as on a motion to dismiss. *See Ervin v. Wilkinson*, 701 F.2d 59, 61 (7th Cir.1983). Ultimately, the determination whether such a showing has been made rests within the trial court's sound discretion and on review will be overturned only if there has been an abuse of that discretion. *E.F. Hutton & Co.*, 757 F.2d at 217.

Accepting the Denhams' factual allegations as true, we find that the district court erred in denying the motion as untimely and not brought against an adverse party. In essence, the Denhams' claim, as we understand it, is that Streett was involved throughout the lawsuit, either directly or indirectly, with their representation and that this involvement resulted in a fraud by which the settlement read into the record unjustly enriched Streett at their expense. The Denhams point out that the settlement proposed to them was only agreed to as a result of their lawyers' lack of preparation and on the basis of legal advice that was given in furtherance of the fraud. Moreover, they also point out that even this settlement was more favorable than the one actually read into the record.

While we agree with the district court that, as a general rule, rule 60(b)(3) is not intended to cover acts by an attorney for the parties, the general rule should not be interpreted so broadly as to prohibit recovery if the fraud is furthered by an attorney's representation of a client whose interest is also adverse to the attorney's interest as a party to the case. In alleging that Streett performed as their attorney to work a fraud upon them and to enrich himself in the role of adverse party, the Denhams state a claim which, if true, could serve as a basis for relief from judgment. The other parties to the case should not be able to use Streett's alleged role as attorney for the Denhams as a shield against relief from a judgment obtained by fraud.

Additionally, if the fraud took place as the Denhams allege, the district court erred in finding the motion untimely because the Denhams' primary and most

trustworthy source of information concerning the settlement was their attorney. It is unrealistic to impute the Denhams' attorneys' knowledge to them if withholding such knowledge would have furthered the fraud alleged.[1] Thus, we remand the case to the district court for further proceedings consistent with this opinion.

---

1. Although we venture no opinion whether, on remand, the Denhams will actually be able to prove the fraud they allege and damages proximately resulting therefrom, a review of the record suggests several points on which they should be allowed to present evidence. First, the lawyer to whom Streett referred the Denhams, James Kennedy, was a member of the law firm of Streett & Kennedy. In its brief, the United States assures us that Julian Streett is not a member of that firm and that the Streett in the firm is Alex Streett. The United States, however, also admits that this information is not apparent from the record and that the record does not show the relationship, if any, between Alex and Julian Streett. A familial relationship between Alex and Julian Streett would constitute some evidence of the fraud the Denhams claim.

Second, although the district court, in its letter opinion, states that the Denhams were represented by counsel during the pre-trial settlement conference, a transcript of the proceeding in which the settlement was read into the record raises some questions. Despite listing James Kennedy as appearing for the defendants, presumably for the Denhams, the transcript reveals that Kennedy did not utter one word during the entire proceeding. In fact, even though judgments totaling almost $270,000 were obtained against his clients, Kennedy, if he was present, did not indicate his client's assent to the settlement. Moreover, although a reading of the transcript reveals that Julian Streett appeared pro se and obtained a judgment against the Denhams in the amount of $14,183.63, he is not listed as appearing at the hearing.

These facts are sufficiently probative of the claim the Denhams attempt to raise to warrant further consideration.