**William Royce MORGAN and Kenneth H. Lipps, d/b/a Ozark Graphic and Merilyn Royce Morgan**

**v.**

**Chester L. PONDER and Dorothy K. Ponder d/b/a the Prospect News Publishing Co.**

**No. S85–121C(5).**

United States District Court, E.D. Missouri, Southeastern Division.

Jan. 9, 1989.

James E. Reeves, Ward & Reeves, Caruthersville, Mo., Peter W. Herzog, Caruthers, Harzog, Crebs & McGhee, St. Louis, Mo., for plaintiffs.

Cordell P. Shulten, James V. O'Brien, Lewis & Rice, St. Louis, Mo., for defendants.

### ORDER

LIMBAUGH, District Judge.

This cause is before the Court on defendants' motion for relief from judgment. Plaintiffs initially brought this action against defendants for damages by reason of a violation of Section 2 of the Sherman Act for monopolizing newspaper advertising in Ripley County, Missouri and surrounding counties. The case was tried before this Court from September 28 to October 2, 1987. On October 2, the jury returned a verdict for plaintiffs in the amount of Sixty Thousand and no/100 Dollars ($60,000.00). Defendants filed a motion for a judgment notwithstanding the verdict and a motion for a new trial. This

Court denied both motions on January 29, 1988.

At trial, plaintiffs presented direct testimony that plaintiffs' newspaper, the *Ozark Graphics,* was the recipient of a "special commendation" from the Pulitzer Prize Board in recognition of its journalistic achievements regarding a series of articles about a local hospital controversy. Plaintiffs never revealed the existence of the commendation during discovery. Defendants first learned of the award at trial.

Subsequent to trial, defendants learned that plaintiffs never received a commendation and contend that plaintiffs perjured themselves at trial. Plaintiffs maintain that, although they now know that the information was incorrect, at the time of trial they truly believed that they were the recipients of the Pulitzer Prize Board commendation.

Defendants filed this motion for relief from judgment maintaining that plaintiffs' erroneous statement prevented defendants from fully and fairly presenting their defense. Defendants maintain that one of the important aspects of their defense was that "plaintiffs lost advertisers and subsequently went out of business because their publication, the *Ozark Graphic,* was viewed in the community as a controversial newspaper lacking a journalistic style and content appropriate to and acceptable in the Doniphan community." (Defendants' Memorandum of Law in Support of Motion, p. 2). When plaintiffs presented testimony about their commendation, defendants determined that the presentation of testimony from community members regarding the bad reputation of the plaintiffs' newspaper would merely "enhance plaintiff's claim to being a 'voice in the wilderness.'" (Defendants' Memorandum of Law in Support of Motion, p. 2). Consequently, defendants did not call three or four witnesses who were present at trial and prepared to testify concerning the newspaper's reputation within the community. Plaintiffs' erroneous statement, therefore, precluded defendants from fully and fairly presenting defendants' case.

In plaintiffs' response to the motion, plaintiffs correctly point out that the Pulitzer Prize commendation testimony occurred on the first day of testimony in the trial, September 28, 1987. On the fourth day of trial, in a sidebar conference, plaintiffs opposed defendants' attempt to call the "reputation" witnesses that defendants referred to in their motion for relief. Defendants argued that they should be able to present these witnesses. The Court denied plaintiffs' motion to exclude the reputation witnesses' testimony. The Court, however, indicated to counsel that if defendants chose to call the reputation witnesses concerning the controversial nature of the *Ozark Graphic,* then plaintiffs would be allowed to call rebuttal witnesses. It was after the Court informed defendants that plaintiffs would be entitled to call rebuttal witnesses that defendants chose not to call the four witnesses that they had intended to call. Hence, plaintiffs contend it was the Court's decision to allow plaintiffs to call rebuttal witnesses, not the testimony of the Pulitzer commendation, that made defendants choose not to call the four reputation witnesses. Moreover, defendants did not abandon, or fail to fully pursue, their defense.

■■■■ Federal Rule of Civil Procedure 60(b)(3) provides for relief from judgment where there has been "fraud ..., misrepresentation or other misconduct of an adverse party." Rule 60(b) is addressed to the sound discretion of the trial court. *Horace v. St. Louis Southwestern R.R. Co.,* 489 F.2d 632 (8th Cir.1974). Relief from judgment under Rule 60(b)(3) is an extraordinary remedy which the Court should only grant in exceptional circumstances. *E.F. Hutton & Co. v. Berns,* 757 F.2d 215, 217 (8th Cir.1985); *Hoffman v. Celebrezze,* 405 F.2d 833, 835 (8th Cir. 1969). The claim for extraordinary relief in this case is based upon the assertion that plaintiffs committed perjury during trial.

As defendants correctly noted, there are several propositions of law applicable to Rule 60(b)(3) motions. The rule is aimed only at judgments which are unfairly obtained. *Plattner v. Strick Corp.,* 102 F.R.D.

612, 614 (N.D.Ill.1984). The party asserting that opposing party has improperly obtained a verdict through fraud, misrepresentation or other misconduct, has the burden of proving such accusations by clear and convincing evidence. *E.F. Hutton,* 757 F.2d at 217; *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1339 (5th Cir.1978). The improper conduct must be such that the moving party was precluded from fully and fairly presenting its case. *E.F. Hutton,* 757 F.2d at 217. Last, the moving party need not establish that if the improper conduct had not occurred, the result of the case would have been different. *Seaboldt v. Pennsylvania R.R. Co.,* 290 F.2d 296, 300 (3rd Cir.1961).

Turning to the immediate case, the Court finds first that plaintiffs did not erroneously obtain their verdict. *Plattner,* 102 F.R.D. at 614. Plaintiffs stated by way of affidavit that they truly believed they were the recipients of a commendation from the Pulitzer Prize Board. Defendants have not proved by clear and convincing evidence that plaintiffs obtained their verdict through fraud, misrepresentation or other misconduct. *E.F. Hutton,* 757 F.2d at 217.

A pivotal question is whether plaintiffs' alleged perjury unfairly impeded defendants' full and fair presentation of their defense. *E.F. Hutton,* 757 F.2d at 217. The Court finds it did not impede defendants. In fact, it appears that *if* defendants altered the approach to their defense, it was because of the Court's ruling that plaintiffs could call rebuttal witnesses if defendants called reputation witnesses regarding the reputation of plaintiffs' newspaper. Last, whether the result of the verdict would have been different had the misconduct not occurred is immaterial to the Court's determination of this motion.

The Federal Rules of Civil Procedure are intended to assure a fair contest between litigants. Addressed to the sound discretion of the trial court, this Court finds that plaintiffs' erroneous statement did not "assault the fairness and integrity of litigation." *Rozier,* 573 F.2d at 1346.

IT IS THEREFORE ORDERED that defendants' motion for relief from judgment is DENIED.