Frank A. PICON; Rodinald Lee Remington; Michael Capraro; Barry McBride, Appellants,

v.

Terry D. MORRIS; Jimmy Jones; Larry Dittmer; Dan Henry; Tom Anderson; Milton S. Rucker; Andy Thomas; Captain Lyons; Lieutenant Rocky Martin, Appellees.

Michael D. CAPRARO,

v.

Terry MORRIS; Jimmy Jones; Louis Luntsford.

Michael HARRIS; Alan W. Rainey; Jeff Gongaware; Ezell Vaughn,

v.

Terry MORRIS; Jimmy Jones; N. Cole; M. Rucker; L. Dittmer; M. Caldwell; M. Hendrikson; M. Strawbietto; T. Anderson; S. Walls; J. Hudson; M. Harris; T. Moore; D. Henry; B. Hill; Ms. Whitesides.

No. 90–1765.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1990.

Decided May 16, 1991.

Rehearing Denied July 19, 1991.

Robert Guinness, St. Charles, Mo., for appellants.

Deborah Neff, Jefferson City, Mo., for appellees.

Before BEAM, Circuit Judge, and BRIGHT, Senior Circuit Judge, and WOODS,* District Judge.

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

BEAM, Circuit Judge.

Barry McBride appeals from the district court's denial of his Rule 60(b) motion seeking relief from the dismissal of a consent decree. The consent decree was entered on January 24, 1986. The decree, the product of a class action filed by prisoners at the Missouri Training Center for Men (MTCM), governed, among other conditions at the correctional center, the use of certain emergency segregation cells. The state concedes that McBride was housed in these cells for twelve days in August 1987 during the pendency, and allegedly in violation of, the consent decree. Following the last of a series of quarterly compliance reports, however, the district court found compliance with the decree and entered a dismissal order on March 8, 1989. After his release from MTCM, McBride filed a pro se action under 42 U.S.C. § 1983 (1988), which action is apparently still pending in federal court. In addition, McBride sought relief from the district court's dismissal through a motion filed November 20, 1989, pursuant to Fed.R.Civ.P. 60(b). It is the district court's denial of this motion from which McBride appeals. We reverse and remand.

## I. BACKGROUND

The consent decree at the heart of this unusual case is the product of several pro se actions which were consolidated and certified as a class action. Brought by a class "of persons who are, or will be, confined within the custody of the Missouri Department of Corrections and Human Resources in either the Special Management Unit or the Disciplinary Segregation Unit at MTCM," the class action alleged various violations of the eighth and fourteenth amendments. Specifically, the complaint alleged that use of the emergency segregation cells at MTCM constituted cruel and unusual punishment. As the result of this litigation, the district court entered a consent decree which provided, in paragraph 11, that the segregation cells would be used only in limited instances involving a shortage of other protective custody cells, institutional disturbances, or other emergency situations. *See* Consent Decree, *Picon v. Morris*, Nos. 84–103C, 84–150C, 84–98C (E.D.Mo. Jan. 24, 1986). Under the decree, each use of the cells could not exceed ten days, and prison authorities agreed to provide a report justifying each use. In addition, the decree required quarterly compliance reports beginning January 1, 1986.

Following the last of these compliance reports, the district court entered, on September 15, 1988, an order to show cause why the case should not be dismissed. The class-action defendants responded that, as to the segregation cells, "Defendants abandoned these cells in February of 1988 and, as the Quarterly Reports indicate, said cells have not been used since that date." Accordingly, the district court found compliance with the decree: "Defendants abandoned the emergency segregation cells in February of 1988, thereby mooting the paragraph 11 dispute. ... Because defendants' reporting requirements have been discharged, and they have performed the provisions of the consent decree, this court is no longer required to retain jurisdiction." Order, *Picon v. Morris*, Nos. 84–103C, 84–150C, 84–98C (E.D.Mo. March 8, 1989). The court therefore ordered that "the above cause" be dismissed with prejudice. *Id.*

As indicated, McBride alleges that he was placed in the segregation cells for twelve consecutive days, from August 8, 1987 to August 20, 1987, in violation of the consent decree. McBride also alleges, however, that he had no notice of the consent decree while at MTCM. Thus, shortly after his transfer from MTCM in January 1988, McBride filed a pro se section 1983 action alleging only that placement in the segregation cells violated his eighth amendment rights. *See McBride v. Jones*, No. N88–0022–C (E.D.Mo. Feb. 10, 1988). Not until after the appointment of counsel on July 7, 1988, and receipt of a copy of the consent decree on March 13, 1989 (five days after the district court's dismissal of the consent decree), did McBride amend his section 1983 action to include alleged violations of the consent decree.

McBride asserts that the state intends to respond to his section 1983 action by argu-

ing that McBride's constitutional claims are barred by the dismissal of the consent decree.[1] Apparently hoping to preempt the state's defense, McBride filed a Rule 60(b) motion in the consent decree action seeking relief from the district court's dismissal. While the state claims that "[i]t is difficult to determine from the record appellant McBride's motivation for his Rule 60(b) motion," brief for appellee at 6, it is clear from the relief requested that McBride seeks to avoid being squeezed-out by the state—that is, precluded by res judicata from proceeding in the section 1983 action and unable to bring an action for contempt in the class action because of the district court's dismissal. "The only relief McBride seeks by this Motion is to be excepted from any preclusive or prejudicial effect that this Court's Dismissal Order may have on his separate pending lawsuit. In the alternative, McBride requests that he be exempted from the Dismissal Order so that he can proceed with a motion for contempt in this case." Joint App. at 211. On April 10, 1990, the district court denied McBride's Rule 60(b) motion without explanation. This appeal followed.

## II. DISCUSSION

In considering McBride's motion, we assume that his factual allegations are true. *United States v. Denham*, 817 F.2d 1307, 1309 (8th Cir.1987). We assume that McBride was housed in the segregation cells for twelve consecutive days and that he had no notice of the consent decree. To support his claim that his placement violated the decree, McBride alleges several misrepresentations in the state's compliance reports. Specifically, McBride contends that none of the four instances in which the segregation cells could be used applied in his case; that the compliance reports erroneously stated that he asked to be placed in the segregation cells; and that no written report justifying his placement in the seg-

regation cells was prepared as required by the decree. Thus, although it is true that "[r]elief under Rule 60(b) is an extraordinary remedy," and that "its grant or denial may be reviewed only for abuse of discretion," *Design Classics v. Westphal (In re Design Classics)*, 788 F.2d 1384, 1386 (8th Cir.1986), it appears that McBride should be allowed to proceed with a contempt motion in an effort to prove his allegations. The question, then, is whether the district court abused its discretion in denying the Rule 60(b) motion because McBride needs Rule 60(b) relief to proceed with an action for contempt.

McBride has no argument, of course, that the district court should have granted his Rule 60(b) motion because he confronts a res judicata defense in his separate section 1983 action. The district court can no more determine the viability of a defense in an action not before it than can we. To the extent McBride argues that the district court abused its discretion for failure to render an advisory opinion, his appeal is without merit.[2] But it is equally clear that McBride's res judicata argument should have emphasized to the district court McBride's predicament: the danger of his falling between the cracks. Thus, our inquiry is whether McBride needs relief from the district court's dismissal of the consent decree.

■ Ordinarily, a district court retains the inherent authority to modify or enforce a consent decree. *Spallone v. United States*, 493 U.S. 265, 110 S.Ct. 625, 632, 107 L.Ed.2d 644 (1990) (enforcement by civil contempt); *McDonald v. Armontrout*, 908 F.2d 388, 390 (8th Cir.1990) (modification). This is true even without a provision in the decree which provides for continuing jurisdiction. "[W]hen a court issues an injunction, it automatically retains jurisdiction to enforce it." *United States v. Fisher*, 864

---

1. Attached to McBride's Reply Brief are two letters, one from McBride's counsel to the state asking whether the state intended to argue res judicata in the section 1983 action, and one from the state responding affirmatively. We do not know whether any such argument has actually been raised in the section 1983 action.

2. We note, however, that we fail to see how the consent decree, which expressly provides that "no findings of fact or conclusions of law are made by the Court," joint app. at 75, can bar a separate section 1983 action for violations of McBride's constitutional rights.

F.2d 434, 436 (7th Cir.1988). The district court can enforce a consent decree through a civil contempt proceeding even without the provision in the decree that "[t]he court shall retain jurisdiction over this matter to insure compliance with the foregoing provisions." Joint App. at 90. Thus, it is clear that the district court can enforce an ongoing consent decree on a simple motion for contempt; a Rule 60(b) motion would ordinarily not be needed.[3]

Our problem, however, is determining whether the consent decree in this case was vacated or dissolved by the district court's dismissal order of March 8, 1989. As indicated, the dismissal order states that defendants abandoned the cells, "thereby mooting the paragraph 11 dispute," and that "the above cause," i.e., the consent decree litigation, was dismissed with prejudice. By the terms of the dismissal order, coupled with the provision in the decree that the court shall retain jurisdiction "until such time as the matters to be performed by the parties have been completed," Joint App. at 90, it seems that the order did more than remove the case from the court's active docket—it dissolved the consent decree.[4] If so, then McBride would need relief from the district court's dismissal to proceed with an action for contempt. Against this need for relief under Rule 60(b)(6), the district court gave no reasons for its denial from which we can conclude that it did not abuse its discretion. *Cf. Twin City Constr. Co. v. Turtle Mountain Band of Chippewa Indians,* 911 F.2d 137, 139 (8th Cir.1990) (district court's failure to articulate reasons for denial of Rule 59(e) motion indicative of abuse of discretion).

## III. CONCLUSION

Assuming that the district court's dismissal order vacated the consent decree, we think that the district court abused its discretion in denying McBride's Rule 60(b) motion. Accordingly, the judgment of the district court is reversed and remanded so that McBride can proceed with an action for civil contempt to enforce the consent decree.

---

**3.** Long-since out of prison, McBride, of course, does not seek to coerce compliance with the consent decree, but instead seeks damages for the contempt. Whether he seeks reimbursement for losses that are compensable under a motion for contempt need not be determined by the district court. *See, e.g., In re Tetracycline Cases,* 927 F.2d 411, 413 (8th Cir.1991) (" 'Civil contempt sanctions may be imposed for either or both of two distinct purposes, to coerce compliance with a court order, and to compensate the complainant for actual losses sustained by him as a result of the defendants' contumacy.' " (quoting *In re Chase & Sanborn Corp.,* 872 F.2d 397, 400–01 (11th Cir.1989))); *Hubbard v. Fleet Mortgage Co.,* 810 F.2d 778, 781–82 (8th Cir. 1987) (explaining differences between civil and criminal contempt).

**4.** Compare *Youngblood v. Dalzell,* 925 F.2d 954, 958 (6th Cir.1991), in which the Sixth Circuit was confronted with a district court order terminating its jurisdiction over the enforcement of a consent decree, given that "the problems that were originally presented to the [district court] have been solved," yet expressly providing that the consent decree remained in effect. Compare also *Board of Educ. v. Dowell,* —— U.S. ——, 111 S.Ct. 630, 634–35, 112 L.Ed.2d 715 (1991), in which the Supreme Court noted that the district court's "Order Terminating Case" in a school desegregation case, which provided that "[j]urisdiction in this case is terminated," did not dissolve the desegregation decree. Our task would be easier if the effect of the district court's dismissal order on the continuing vitality of the consent decree were clearly stated.