16 F.3d 1230
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Robert H. WILLIAMS, Appellant,
v.
BORG & WARNER AUTOMOTIVE ELECTRONICS & MECHANICAL SYSTEM
CORPORATION, Appellee.
 No. 93-2162.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 17, 1993.
Filed: January 20, 1994.
 
 Before MAGILL and BEAM, Circuit Judges, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Robert H. Williams (Williams) appeals from the district court's[1] judgment for defendant Borg & Warner Automotive Electronics and Mechanical System Corporation (Borg & Warner). In this case filed under Title VII of the Civil Rights Act of 1964, the district court found that Williams, an African-American, had failed to sustain his burden of proving his demotion and discharge were the result of retaliation for his discrimination complaints.Williams contends the judgment is not supported by the evidence. We affirm.
 
 
 2
 Williams, an eleven-year employee of Borg & Warner, was employed as a tool and die maker. Between March 1989 and May 1990, Williams filed several charges of discrimination with the Equal Employment Opportunity Commission (EEOC). Williams alleges that as a result of those charges, he was relegated to the night shift and afforded minimal opportunities to advance his skills. Borg & Warner contends that Williams was demoted and subsequently terminated when it was determined through skill-level evaluations that he was not qualified for his current position. Prior to 1988, Borg & Warner had not formally evaluated its employees through skill-level evaluations but rather through a journeyman test. Williams was evaluated in February of 1988, before his first EEOC complaint was filed, and was found to be deficient. In March of 1990, after further evaluation and several reports of mistakes, Williams was told that his work was not acceptable and that he could return to the production floor as a production manager. Williams refused this offer and subsequently was terminated.
 
 
 3
 A prima facie case of retaliatory demotion and termination must show (1) that the plaintiff was engaged in statutorily protected activity, (2) an adverse employment action, and (3) a causal connection between the two. Womack v. Munson, 619 F.2d 1292, 1296 (8th Cir. 1980), cert. denied, 450 U.S. 979 (1981). The record indicates that Williams successfully bore his initial burden of proving the first two elements. His EEOC complaints protect him from retaliatory treatment by Borg & Warner, see 42 U.S.C. Sec. 2000e-3(a) (1988), and his subsequent termination was an adverse employment action.
 
 
 4
 We do not find clearly erroneous the district court's finding that Williams' evidence fails on the third element of the prima facie case: a causal connection between the first two elements.
 
 
 5
 Borg & Warner presented sufficient evidence that it found Williams' performance to be deficient before the EEOC complaints were filed. Williams presented contrary evidence to the effect that Borg & Warner placed him on the night shift to prevent him from improving his skill level. The district court, sitting as trier of fact, could reasonably have found more credible the evidence presented by Borg & Warner. "Our duty in reviewing [factual] determinations is to uphold them unless they are 'clearly erroneous.' This standard of review does not permit us to substitute our own impressions for those of the district court." Horner v. Mary Inst., 613 F.2d 706, 713 (8th Cir. 1990) (citations omitted).
 
 
 6
 Accordingly, we affirm the judgment of the district court because Williams failed to sustain his burden of proving his prima facie case.
 
 
 
 *
 *THE HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern and Western Districts of Arkansas