_____

No. 96-1993
_____

Robert H. Williams,                        *
                                           *
            Appellant,                     *
                                           *
    v.                                     * Appeal from the United States
                                           * District Court for the
Borg-Warner Automotive                     * Eastern District of Arkansas.
Electronics & Mechanical System            *
Corporation,                               *          [UNPUBLISHED]
                                           *
                                           *
            Appellee.                      *


_____

                    Submitted: September 3, 1996

                      Filed: September 24, 1996
                          _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                          _____

PER CURIAM.


     Robert Williams appeals the district court's[1] denial of his motion to
reopen.  We affirm.


     On April 5, 1993, following a bench trial, the district court entered
judgment for Borg-Warner Automotive Electronics & Mechanical Systems
Corporation (Borg-Warner) in Williams's employment discrimination action.
This court affirmed and the Supreme Court twice denied review.  See
Williams v. Borg & Warner Automotive Elecs. & Mechanical Sys. Corp., No.
93-2162, 1994 WL 12308 (8th Cir. Jan. 20, 1994)(unpublished per curiam),
cert. denied, 115 S. Ct. 758 (1995), reh'g denied, 115 S. Ct. 1395 (1995).

_____

     The Honorable Elsijane Trimble Roy, United States District
Judge for the Eastern District of Arkansas.

On February 20, 1996, Williams moved in the district court to reopen the case. Williams asserted that his case should be reheard because the presiding judge practiced law almost forty years ago in the firm with which defendant's attorney presently practiced, and because she had had an inappropriate ex parte communication with defendant's attorney. The district court judge treated Williams's letter as a Federal Rule of Civil Procedure 60(b) motion and denied it, stating that she did not practice law with defendant's attorney and she did not have an inappropriate ex parte communication with defendant's attorney.

To the extent that this appeal can be construed as a timely appeal of the denial of Williams's motion to reopen, we conclude the district court did not abuse its discretion. See Printed Media Serv., Inc. v. Solena Web, Inc., 11 F.3d 838, 842 (8th Cir. 1993) (holding this court reviews denial of Rule 60(b) motion for abuse of discretion and does not review underlying judgment). The district judge left the law firm where defense counsel practices 38 years before this case was tried and has at no time practiced law with the defense counsel. We see no conflict of interest on these facts, either apparent or actual. See 28 U.S.C. § 455(a), (b). As to Williams's allegations of improper conduct by the district court, we conclude that Williams has not established a right to relief under Rule 60(b); he provides us no factual basis on which to conclude that the district court communicated ex parte with opposing counsel and the district court recalls no such improper conduct. See E.F. Hutton & Co., Inc. v. Berns, 757 F.2d 215, 217 (8th Cir. 1985) (movant must establish right to relief under Rule 60(b) by clear and convincing evidence).

We note that to the extent Williams is challenging the judgment entered by the district court on April 5, 1993, that judgment has been affirmed in the prior appeal, and absent its modification, the Rules do not permit a successive appeal.


A true copy.


Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.