# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3722

_____

Terra International, Inc.,

        Appellee,

    v.

Tommy F. Robinson, Individually and as partners of Ag Pro Farm Partnership; Jeffrey W. Robinson, Individually and as partners of Ag Pro Farm Partnership; Greg T. Robinson; Fred Chambers, Individually and as partners of Ag Pro Farm Partnership,

        Appellants.

Appeal from the United States District Court for the Eastern District of Arkansas.

**[UNPUBLISHED]**

_____

Submitted: October 18, 2004
Filed: November 1, 2004

_____

Before RILEY, HEANEY, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Tommy F. Robinson and his co-defendants (collectively, "Appellants") seek review of two orders issued by the District Court in this suit to collect payment under a defaulted promissory note. We affirm both decisions.

Appellants first claim the District Court[1] erred by failing to recuse from Robinson's case. We review for abuse of discretion the District Court's denial of a motion to recuse. Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002). A judge must recuse himself, regardless of any actual bias or prejudice, if the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a) (2000); Liteky v. United States, 510 U.S. 540, 548 (1994); Moran, 296 F.3d at 649. However, neither a judge's unfavorable rulings nor his opinions held as a result of earlier proceedings necessarily infer bias unless they are "so extreme as to display a clear inability to render fair judgment." Liteky, 510 U.S. at 551; see also Moran, 296 F.3d at 649.

Because Appellants' allegations of Robinson's history of directing improper statements toward the District Court were not included in Robinson's motion, they are not properly before this Court on review. The sole basis proffered for recusal in Robinson's motion was that the District Court had sent Robinson to jail for contempt of court in a previous matter. This bare allegation, without any indication of the District Court's inability to render fair judgment, forms no basis on which one might reasonably question the District Court's impartiality. See Liteky, 510 U.S. at 548, 551; see also Moran, 296 F.3d at 649. The District Court therefore did not abuse its discretion by denying Robinson's motion to recuse. Moreover, even if we were to review the improper and offensive statements directed by Robinson toward the District Court some years before the present lawsuit was brought, we would reach the same conclusion.

Appellants next claim the District Court erred by denying their motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. We review the denial of a Rule 60(b) motion for abuse of discretion. Watkins v. Lundell, 169 F.3d 540, 543–44 (8th Cir. 1999), cert. denied, 528 U.S. 928 (1999); United

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

States v. Denham, 817 F.2d 1307, 1309 (8th Cir. 1987). Rule 60(b) provides for relief from judgment in any of several enumerated circumstances and for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." Watkins, 169 F.3d at 544. Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

The basis for Appellants' Rule 60(b) motion was "discontent[] with their representation" due to "several pleadings and motions . . . that *did not fully and completely* express [Appellants'] reasons and responses." Motion for Relief from Judgment or Order Pursuant to Rule 60 at 1 (emphasis added). In Broadway v. Norris, however, we held that a Rule 60(b) motion is not for the purpose of "reargu[ing], *somewhat more fully*, the merits of [a] claim." 193 F.3d at 990 (emphasis added). We therefore cannot say the District Court abused its discretion by denying Appellants' Rule 60(b) motion. The judgment of the District Court is affirmed.

_____