# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

Nos. 10-2732/2792

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff/Appellant, | * | |
| | * | |
| Alabama Department of Environmental | * | |
| Management; Linn County; Polk | * | |
| County; Shelby County; State of | * | |
| Georgia; State of Illinois; State of | * | Appeals from the United States |
| Indiana; State of Iowa; State of | * | District Court for the |
| Missouri; State of Nebraska; State of | * | District of Minnesota. |
| North Carolina; State of North Dakota; | * | |
| State of Ohio, | * | [UNPUBLISHED] |
| | * | |
| Intervenor Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| Cargill, Incorporated, | * | |
| | * | |
| Defendant/Appellant. | * | |

_____

Submitted: May 9, 2011
Filed: June 13, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2006, Cargill entered into a consent decree between itself and the United States to resolve a dispute involving Cargill's alleged violation of various provisions of the Clean Air Act, 42 U.S.C. §§ 7401-7671q, at twenty-four of its plants located in thirteen states. The consent decree required Cargill to install pollution control equipment in the subject plants pursuant to a timetable set forth in the decree. The earliest the consent decree could be completed was the year 2016. When the consent decree was submitted to the district court for its approval, the district court entered a handwritten edit to the decree which purported to limit its jurisdiction over the matter "to and until December 31, 2009," more than seven years earlier than the consent decree could be completed.

In May 2010, Cargill filed a motion to enter an unopposed modification to the consent decree. Citing its handwritten edit limiting jurisdiction to December 31, 2009, the district court denied the motion, stating it "no longer retains jurisdiction in this case." The district court also denied a Rule 60(b) motion filed by the United States, Shelby County, Tennessee, Memphis, Tennessee, and Cargill asking the district court to reconsider its denial because of a district court's continuing jurisdiction over consent decrees. Both Cargill and the United States filed timely appeals of the district court's order refusing to exercise jurisdiction over the requested modification to the consent decree.

"[A] district court retains the inherent authority to modify or enforce a consent decree." Picon v. Morris, 933 F.2d 660, 662 (8th Cir. 1991). The district court's inherent jurisdiction over consent decree remains "even without a provision in the decree which provides for continuing jurisdiction." Id.; see also McDonald v. Armontrout, 908 F.2d 388, 390-91 (8th Cir. 1990) (confirming a district court's power to order modifications to a consent decree even when the decree "neglected to assert the District Court's continuing authority."); United States v. Swift & Co., 286 U.S. 106, 114 (1932) ("A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need [even if] the reservation

-2-

had been omitted.").  A district court cannot abdicate its continuing jurisdiction over a consent decree.  See Williams v. Vukovich, 720 F.2d 909, 920 (6th Cir. 1983) ("The injunctive quality of consent decrees compels the court to . . . retain jurisdiction over the decree during the term of its existence[.]").

Because the district court clearly erred when it purportedly declined to exercise jurisdiction over the parties' May 2010 request for a modification to the consent decree, we reverse and remand this case for further proceedings.

_____