# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2017

Lyle W. Cayce
Clerk

JOHN POULLARD,

Plaintiff-Appellant

v.

BURL CAIN, In his individual capacity; DONALD BARR, In his individual capacity; JOHNATHAN ROUNDTREE, In his individual capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-299

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Poullard, Louisiana prisoner # 98999, pro se, filed a 42 U.S.C. § 1983 complaint alleging cruel and unusual punishment. Poullard asserted that he had glaucoma for which he was prescribed eye drops and that the defendants denied his eye drops and treatment for several months. The jury found the defendants not liable. Poullard appeals the denial of his post-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment motions seeking a new trial based on newly discovered evidence and the defendants' alleged fraudulent conduct.

Poullard argues that he is entitled to a new trial under Federal Rule of Civil Procedure 60(b)(3) based on the defendants' counsel urging Drs. Coullard and Gerdes to lie at trial and the doctors' misrepresentation of Poullard's medical records at trial. Poullard fails to show that the district court abused its discretion in denying Rule 60(b)(3) relief because Poullard failed to present evidence of fraud, false testimony, or improper conduct by defense counsel. *Montgomery v. Hall*, 592 F.2d 278, 278–79 (5th Cir. 1979) ("[T]he party making the rule 60(b)(3) motion must establish by clear and convincing evidence . . . that the adverse party engaged in fraud or other misconduct . . . .").

Poullard also argues that he is entitled to a new trial based on newly discovered evidence of Dr. Paul Toce's affidavit attesting that Poullard has a history of glaucoma and purported November 2015 diagnoses by two surgeons that he has damage to his optic nerves and open angle glaucoma. Poullard fails to show that the district court abused its discretion in denying relief because he has not demonstrated that the purported newly discovered evidence would have produced a different result had the jury viewed it. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003); *Diaz v. Methodist Hosp.*, 46 F.3d 492, 497 (5th Cir. 1995); FED. R. CIV. P. 59(a), 60(b)(2).

Finally, Poullard's claim that the district court failed to rule on his claim that he was entitled to a new trial because the defendants breached their agreement to admit all of their discovery into evidence is not supported by the record.

AFFIRMED.