Barbara STACKS, Appellant,

v.

**SOUTHWESTERN BELL YELLOW PAGES, INC., Appellee.**

No. 92–1407.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided June 18, 1993.

Loral Ashton Adcock, Little Rock, AR, argued, for appellant.

Michael Moore, Little Rock, AR, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY,* Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Barbara Stacks appeals from a final judgment entered in the district court in favor of Southwestern Bell Yellow Pages, Inc. (Yellow Pages), following a bench trial on the merits of her sex and race discrimination claims under Title VII, 42 U.S.C. § 2000e (1988). We retain jurisdiction over this appeal, but remand to the district court for supplemental findings.

Stacks filed this suit claiming that Yellow Pages discriminated against her because of her race and gender when deciding to terminate her. The action was tried at a bench trial, after which the district court concluded that Yellow Pages had presented a legitimate, nondiscriminatory reason for the termination and Stacks had not met her burden of showing that reason was pretextual. This appeal followed.

■ A plaintiff in a gender discrimination case can proceed under two alternative theories. If the plaintiff can demonstrate [1]

---

* Judge Henley agreed with the result in this case but became ill and unable to participate further before the filing of the opinion.

1. We use this term advisedly, in order to avoid the "thicket" created by some courts' use of the term "direct evidence" to describe the plaintiff's initial burden of proof in a *Price Waterhouse* case. *See, e.g., Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1183–85 (2d Cir.1992) (describing use of the term "direct evidence" as "unfortunate"). We conclude that there is no restriction on the *type* of evidence a plaintiff may produce to demonstrate that an illegitimate criterion was a motivating factor in the challenged employment decision. The plaintiff need only present evidence, be it direct or circumstantial, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the challenged decision.

We do not believe that our decision in *Beshears v. Asbill*, 930 F.2d 1348 (8th Cir.1991), mandates a different result. Although the *Beshears* court used the terms "direct evidence" and "indirect evidence," it is clear that those terms were not used in their hornbook sense. In evaluating the evidence, the court stated that "we conclude that Asbill did present evidence that may properly be characterized as 'direct.'" *Id.* at 1354. This evidence consisted of a statement by a decisionmaker "to the effect that older employees have problems adapting to new employment policies." *Id.* In hornbook terms, this statement constitutes circumstantial evidence (in that it requires an inference from the statement proved to the conclusion intended) that a discriminatory motive played a motivating factor in the challenged employment decision. We believe that the term "direct evidence," as used in *Beshears*, means only that the plaintiff must present evidence showing a specific link between discriminatory animus and the challenged decision.

that an illegitimate criterion was a motivating factor in the employment decision, the burden shifting formula set out in *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), is applied. Under the *Price Waterhouse* test, once an employee has established that gender was a motivating factor in the employment decision, the burden of persuasion shifts to the defendant, which must show that "it would have made the same decision even if it had not taken the [illegitimate criterion] into account." *Beshears v. Asbill,* 930 F.2d 1348, 1353 (8th Cir.1991).

■ If the plaintiff is unable to produce evidence that directly reflects the use of an illegitimate criterion in the challenged decision, the employee may proceed under the now-familiar three-step analytical framework described in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this test, the burden of persuasion never leaves the plaintiff, but there is a shift in the burden to come forward with evidence: (1) the plaintiff must present a prima facie case consisting of four distinct elements; (2) the defendant must rebut the prima facie case by showing nondiscriminatory reasons for termination; and (3) the plaintiff must show the reasons are pretextual.

■ *Price Waterhouse* requires the district court to make an explicit finding whether the case is or is not a "mixed motives" case. This crucial determination establishes which party will bear the burden of persuasion and, as such, the appellate court must have before it a specific finding to review. Stacks contends that the district court applied only the *McDonnell Douglas* framework without first addressing the applicability of the *Price Waterhouse* framework. We agree.

The district court issued its findings and conclusions from the bench and first stated:

[W]hen it gets down to the real issue, I must set aside my own personal feelings of what I would have done had I been in Mr. Brown's position. I do not see in the testimony an example of any male similarly situated, not when we put into that ...

equation everything that happened during this time.... And, therefore, I cannot find, looking at all the testimony, that her termination was based on the fact that she was a woman....

Trial Tr. at 91. The court went on to state: "What I'm saying is that the Defendants did articulate a nondiscriminatory reason for terminating Ms. Stacks, and the proof never came to the point of showing that those reasons were pretextual. And because of that, I'm going to have to rule in favor of Yellow Pages." *Id.*

■ We cannot conclude that the district court properly evaluated this case under *Price Waterhouse.* There is no mention in the district court's findings about *Price Waterhouse,* "mixed motives," or burden of persuasion. Moreover, a finding that an employer's proffered reason for an employment decision is not pretextual is not sufficient to satisfy *Price Waterhouse.* As Justice White noted in his *Price Waterhouse* concurrence, *Price Waterhouse* burden shifting applies only when there truly are mixed motives: when the company has a valid interest *and* there is evidence of discrimination as *a* motivating factor in the decision. *Price Waterhouse,* 490 U.S. at 260, 109 S.Ct. at 1795. A finding that the employer's proffered explanation is not pretextual does not exclude a "mixed motives" finding under *Price Waterhouse.*

On remand, the district court must make specific findings concerning whether Stacks demonstrated that her gender was *a* motivating factor in the challenged employment decision, and, if so, whether Yellow Pages met its burden to demonstrate it would have made the same decision anyway. We direct the district court to this court's discussion in *Beshears* concerning what kind of evidence is sufficient to prove illegitimate criteria were a motivating factor. We noted that such evidence does not include " 'stray remarks in the workplace,' 'statements by nondecision-makers,' or 'statements by decisionmakers unrelated to the decisional process itself.' " *Beshears,* 930 F.2d at 1354 (quoting *Price Waterhouse,* 490 U.S. at 277, 109 S.Ct. at 1804). We also noted that such evidence may include "evidence of actions or remarks

of the employer that reflect a discriminatory attitude," and "[c]omments which demonstrate a discriminatory animus in the decisional process, or those uttered by individuals closely involved in employment decisions...." *Id.* (internal quotations and citations omitted).

We further specifically direct the district court to consider, in light of our above discussion, the following statement from its findings:

> I think that [Hudson] may well have thought that women were the worst things that happened to Southwestern Bell Yellow Pages and that if he had his druthers, he wouldn't have any women there.... Yes, I have some problems with the way Ms. Stacks' attitude was being evaluated.

Trial Tr. at 90–91. We therefore retain jurisdiction over this case, but remand to the district court with directions to make specific findings consistent with this opinion and to certify those findings to this court.