7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Betty A. MARMINO, Appellant,
v.
Les ASPIN,* Secretary Department of Defense
(Defense Mapping Agency); William K. James, Maj.
Gen., Director, Defense Mapping Agency,
Appellees.
 No. 92-2985.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1993.
Filed: October 19, 1993.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Betty A. Marmino appeals from the district court's order granting judgment to appellees in her Title VII action, 42 U.S.C. § 2000e-3(a). Marmino alleged that officials at the Defense Mapping Agency Aerospace Center (DMAAC) denied her a promotion to the XP-10 negative engraver position in reprisal for her filing an employment discrimination complaint against the agency. We retain jurisdiction over this appeal, but remand to the district court for supplemental findings.
 
 
 2
 After a two-day bench trial in which Marmino raised only the reprisal issue, the district court, applying the test for discrimination set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), found that Marmino established a prima facie case of discrimination by proving that (1) she engaged in Title VII protected activity when she filed a grievance following her nonselection for promotion in August 1986; (2) she received an adverse employment decision when she was denied a promotion in February 1987; and (3) the proximity between her grievance and her denial of promotion permitted an inference of causation. The district court found that, although the division chief knew of the grievance, Marmino did not prove that the other members of the panel knew of her grievance. Even if the division chief's knowledge could be attributed to the others, the district court found, the grievance did not influence the division chief's decision not to promote Marmino.
 
 
 3
 The district court further found that the agency articulated a legitimate, nondiscriminatory reason for the nonselection for promotion by contending that the panel did not promote Marmino because she lacked sufficient experience in performing necessary classified work as a result of temporarily losing her security clearance. The district court then concluded that although Marmino performed some classified work, the agency's decision that she did not perform enough classified work to qualify for promotion was not pretextual.
 
 
 4
 On appeal Marmino argues that the district court's findings are clearly erroneous because the retaliatory action the division chief took against her for contacting the agency's director was not independent of the decision not to promote her. Marmino argues that because the adverse personnel action was interwoven with the protected activity, the district court should have applied the mixed-motive approach set forth in Price Waterhouse v. Hopkins, 490 U.S. 228, 250 (1989) (burden shifts to employer to show adverse employment action would have been taken even without presence of improper motive).
 
 
 5
 We recently held in Stacks v. Southwestern Bell Yellow Pages, Inc., 996 F.2d 200, 202 (8th Cir. 1993) (per curiam), that a district court must make explicit findings on whether a case is or is not a "mixed motives" case. A finding that an employer's proffered reason for an employment decision is not pretextual is not sufficient to satisfy Price Waterhouse. Id.
 
 
 6
 Retaining jurisdiction over this case, we thus remand to the district court to make specific findings concerning whether Marmino demonstrated that reprisal was a motivating factor in her nonselection for promotion, and, if so, whether DMAAC met its burden to demonstrate it would have made the same decision anyway. See Price Waterhouse, 490 U.S. at 250.
 
 
 
 *
 Les Aspin is substituted for former Secretary of Defense Dick Cheney as an appellee in this action, pursuant to Fed. R. App. P. 43(c)