Melissa SARGENT, Appellant,

v.

George T. PAUL; Tee Tool, Inc., Appellees.

No. 93–1369.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Feb. 17, 1994.

Counsel who presented argument on behalf of the appellant was Daniel Ray of Joplin, MO.

Counsel who presented argument on behalf of the appellee was Jennifer Kyner of Kansas City, MO.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Melissa Sargent, a former employee of Tee Tool, Inc., brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, claiming that Tee Tool and its owner George T. Paul refused to train her for advancement within the company and eventually terminated her employment because of her gender. Following a bench trial, the district court [1] held that Sargent did not prove a statutory violation. Sargent contends that the district court erred by failing to evaluate her claim under the *Price Waterhouse*[2] mixed-motives test and that the court misconstrued the scope of her Title VII rights. We affirm the judgment of the district court.

## I. BACKGROUND

Tee Tool is a custom tool and die shop which produces tools and dies both for retail sale and for its own use. Periodically, Tee Tool manufactures metal buckles and strap adjustors for the bib overalls produced by one of its customers. This production work is ordinarily performed by Tee Tool machinists who have other responsibilities in the shop.

In early 1988, Tee Tool was awarded an unusually large contract to produce buckles and strap adjustors and a large contract to produce computer batteries. In order to meet these orders, Tee Tool hired fourteen women and one man solely for production work.[3] Before Tee Tool began hiring production workers, all of its employees except

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

3. The male production worker resigned less than one month after beginning work.

the secretary-bookkeeper were men. Paul testified in a deposition that he hired women for the new production work because he believed "small fingers [and] petite nature" allowed women to manipulate the tiny parts of batteries more easily than men. Deposition of George T. Paul at 26.

Sargent was hired for the battery assembly line on July 15, 1988. During her employment, Sargent worked on both battery and buckle assembly and she learned to operate all of the machines used to manufacture both products. Sargent made several oral and written requests for on-the-job training and for promotion to a different position in the shop. Neither Sargent nor any of the other production employees was ever promoted.

In June 1989, Tee Tool's orders for batteries came to an abrupt halt. Buckle orders dropped at approximately the same time. With the decline in orders, Tee Tool decided to curtail its production staff and to resume using its machinists to fill the periodic buckle orders. Sargent was laid-off on June 30, 1989. At that time, Tee Tool's only production work consisted of repair and replacement of defective buckles and strap adjusters.[4]

The district court analyzed Sargent's evidence under the familiar three-step framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973): (1) plaintiff must present a prima facie case of discrimination; (2) employer has the burden to articulate a nondiscriminatory reason for the employment decision; and (3) plaintiff must show the reason is a pretext for discrimination. The court found that Sargent did not establish a prima facie case of discrimination in Tee Tool's promotions because she failed to show that Tee Tool had other positions open for

which she was qualified. The court further found that Sargent's discharge was the result of a reduction in work force due to a decline in orders.

## II. DISCUSSION

### A. Mixed Motives

■ Sargent argues that her nonpromotion and termination present a mixed-motives case and that the court should have allocated the burden of proof according to *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).[5] The plaintiff is entitled to a mixed-"motives analysis under *Price Waterhouse* if "(1) the employer concedes that [gender] was a discernible factor, but not a motivating one, for the employment decision or (2) the trial court finds that a discriminatory reason was a discernible factor in the employer's decision-making process." *Schleiniger v. Des Moines Water Works*, 925 F.2d 1100, 1101 (8th Cir.1991) (quotations omitted). Sargent relies on the second criterion because Tee Tool denies that discrimination played any part in its employment decisions regarding Sargent.

■ Although Sargent presented evidence at trial that discriminatory attitudes were prevalent at Tee Tool, she did not meet her burden of demonstrating that these attitudes had a causal relationship to her termination or nonpromotion. *See Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir.1991) (discriminatory statements unrelated to decisional process do not compel mixed-motives analysis). The district court found that Sargent "was advised at the time she was hired that she would be working in a production job which would terminate when there was nothing else to produce." *Sargent v. Paul*, No. 89–5068–CV–SW–1 mem. op. at 10 (W.D.Mo. Dec. 31, 1992). This finding is

---

**4.** Tee Tool continued to employ one female production worker, who was junior in tenure to Sargent, to assist in balancing the inventory until January, 1990. However, since this worker is a member of the same protected class as Sargent, her retention is not evidence of discrimination on the part of Tee Tool.

**5.** Under *McDonnell Douglas*, although the defendant has the burden of production to establish a nondiscriminatory reason for its actions, the bur-

den of persuasion remains with the plaintiff. Under *Price Waterhouse*, however, once the plaintiff establishes that gender was a motivating factor in an employment decision, the burden of persuasion shifts to the defendant to show that it would have made the same decision absent the illegitimate criterion. *Stacks v. Southwestern Bell Yellow Pages, Inc.*, 996 F.2d 200, 202 (8th Cir.1993).

supported by a letter Sargent wrote to Paul in which she applied for a *permanent* job after she had begun her temporary employment.[6] The record shows that production orders decreased before Sargent was laid-off and that Tee Tool laid-off all of its other temporary production workers. Although Tee Tool's practice of hiring almost exclusively women for production work is suspect, Sargent does not base any claim on discriminatory hiring practices. Sargent's Brief at 15. Sargent's evidence of tangential discriminatory attitudes does not demonstrate mixed motives with regard to the employment decisions at issue. Accordingly, we hold that the district court correctly decided to apply a *McDonnell Douglas* analysis.[7] We have reviewed the court's conclusions under *McDonnell Douglas* and find no clear error.

### B. Scope of Title VII Protection

Sargent argues that the district court erred by limiting its discussion to the question of whether Sargent suffered gender discrimination in hiring, promotion, or discharge. She contends that the court should have found her evidence of discriminatory attitudes at Tee Tool conclusive proof that she "was discriminated against on account of her sex with regard to the privileges of employment." Sargent's Brief at 28.

Sargent's complaint alleged violations of Title VII regarding her salary, training, and termination. The district court addressed all of these concerns. We have reviewed the record and find no merit to Sargent's claim that the evidence, taken as a whole, proves a more nebulous violation of Title VII.

6.

| | |
|---|---|
| Tee Tool, Inc. | Melissa Sargent |
| Rt. 6 | 812 W. 5th |
| Joplin, Mo. 64801 | Joplin, Mo. 64801 |
| Attn: Mr. Paul | ph. 781-3343 |

Mr. Paul,
    I, Melissa Sargent, am applying for a permanent position as a machine shop trainee. I would like to be considered for the position when one is open.

            Sincerely,
            Mrs. Melissa Sargent

Appellant's Appendix Vol. 1.

### III. CONCLUSION

For the reasons discussed above, the judgment of the district court is affirmed.

7.  We recently held that *Price Waterhouse* requires the district court to make a finding whether the case is or is not a mixed-motives case. *Stacks v. Southwestern Bell Yellow Pages, Inc.*, 996 F.2d 200, 202 (8th Cir.1993). Sargent did not argue below that her case involved mixed motives and the district court did not explicitly mention *Price Waterhouse* in its memorandum opinion. However, the court found that Sargent "has failed [to] prove that she was discharged for *any* discriminatory reason." *Sargent*, mem. op. at 10 (emphasis added). We find that the court's statement satisfies *Stacks* in this case.