45 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Rebecca ARNOLD, Appellant,
v.
LTV MISSILES & ELECTRONICS GROUP, MISSILE DIVISION, Appellee.
 No. 94-1950WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 6, 1994.
Filed: Dec. 29, 1994.
 
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this Title VII action, Rebecca Arnold asserts LTV Missiles and Electronics Group (LTV) discharged her during a reduction in LTV's work force because of her sex. At the bench trial, Arnold contended LTV retained a less qualified male employee and laterally transferred another male employee to protect him from the layoff. LTV responded with legitimate, nondiscriminatory reasons for choosing to terminate Arnold. Examining the case under the framework described in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the district court concluded Arnold failed to carry her burden of proving that LTV intentionally discriminated against her because of her sex, and entered judgment for LTV. Arnold appeals.
 
 
 2
 Contrary to Arnold's assertion, the district court correctly analyzed this case under McDonnell Douglas because Arnold did not present sufficient evidence to warrant a mixed-motive analysis. See Sargent v. Paul, 16 F.3d 946, 948-49 (8th Cir. 1994); Radabaugh v. Zip Feed Mills, Inc., 997 F.2d 444, 448-49 (8th Cir. 1994). Having reviewed the record, we conclude the district court's findings that LTV had legitimate reasons for its employment decisions and did not terminate Arnold because of her sex are not clearly erroneous. See Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 186 (8th Cir. 1990) (standard of review).
 
 
 3
 We thus affirm the judgment for LTV.