**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 95-4008

_____

Michael Dennis Tribulak,            *
                                     *
            Appellant,               *
                                     *  Appeal from the United States
       v.                            *  District Court for the
                                     *  Eastern District of Arkansas
Minirth-Meier-Rice Clinic,           *
                                     *      [UNPUBLISHED]
            Appellee.                *


_____

Submitted: November 7, 1996

Filed: April 15, 1997
_____

Before McMILLIAN, WOLLMAN and MURPHY, Circuit Judges.
_____


PER CURIAM.


        Michael D. Tribulak appeals from the final judgment of the District
Court[1] for the Eastern District of Arkansas granting defendant Minirth-
Meier-Rice Clinic (MMR) judgment as a matter of law in his employment
discrimination and contract action.  For the reasons discussed below, we
affirm.

        Tribulak, a Southern Baptist, was hired by MMR, a Christian
counseling clinic, as a therapist in June 1989.  After Tribulak obtained
his Arkansas license in February 1990, he conducted group

_____

        [1]The Honorable Susan Webber Wright, United States District
Judge for the Eastern District of Arkansas.

marital and family therapy. For a two-year period, during Tribulak's separation and divorce, MMR restricted the marital casework Tribulak could conduct and required that his therapy sessions be supervised. MMR also advised Tribulak that he needed to include more prayer and biblical references in his counseling, which he felt was inappropriate. Tribulak resigned in November 1992.

After exhausting his administrative remedies, Tribulak brought an action under Title VII of the Civil Rights Act of 1964, claiming, inter alia, MMR discriminated against him on the basis of his sex and his Southern Baptist religious beliefs. On the second day of trial at the close of Tribulak's case, the district court granted MMR's motion for judgment as a matter of law.

The district court concluded that Tribulak failed to make a prima facie case of religious discrimination. Although the evidence indicated MMR encouraged Tribulak to pray with some of his patients which Tribulak thought improper, the district court held Tribulak failed to establish that his failure to pray was consistent with his sincerely-held religious beliefs or that the restrictions during his own marital difficulties were punitive or a result of religious discrimination. In addition, the district court concluded Tribulak did not establish a prima facie case of sex discrimination, because the evidence showed he was not similarly situated to the female therapists.

"In ruling on a [Federal Rule of Civil Procedure] 52 motion the trial court need not consider the evidence in a light favorable to the plaintiff and may render judgment for the defendant if it believes the plaintiff's evidence is insufficient to make out a claim." Geddes v. Northwest Mo. State Univ., 49 F.3d 426, 429 n.7 (8th Cir. 1995). A finding made pursuant to Rule 52(c) is

reversible only if it is clearly erroneous.  Id.  In the absence of a trial transcript, this court cannot review the district court's findings for clear error.  See Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994).  In addition, we cannot review Tribulak's arguments that the district court erred in admitting or excluding evidence.  See Schmid v. United Bhd. of Carpenters, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1071 (1988).

Accepting the district court's factual findings as true, we agree that Tribulak did not prove a prima facie case of religious discrimination, see Johnson v. Angelica Unif. Group, Inc., 762 F.2d 671, 673 (8th Cir. 1985) (to make prima facie case of religious discrimination, employee must plead and prove he holds bona fide belief that compliance with employment requirement violates his religion), or sex discrimination, see James v. Frank, 973 F.2d 673, 676 (8th Cir. 1992) (prima facie case of sex discrimination requires proof that plaintiff is similarly situated in all relevant respects to members of opposite gender).

Finally, the district court did not abuse its discretion in quashing witness subpoenas which were not accompanied by the witness fee.  See CF & I Steel Corp. v. Mitsui & Co., 713 F.2d 494, 496 (9th Cir. 1983) (plain meaning of Fed. R. Civ. P. 45(c) requires tender of fees with service of subpoena).

Accordingly, we affirm.

-3-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.