United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

Nos. 96-4010, 97-1131/1132

_____

Leslie Cowan,        *
       *
  Cross-Appellant/Appellee,    *
       *   Appeals from the United States
v.        *   District Court for the Western
       *   District of Missouri.
Strafford R-VI School District,    *
       *
  Appellant/Cross-Appellee.    *

_____

Submitted: November 20, 1997
Filed:  April 7, 1998

_____

Before FAGG and HANSEN, Circuit Judges, and PIERSOL,[1] District Judge.

_____

PIERSOL, District Judge.


Strafford R-VI School District appeals from a jury verdict in favor of Leslie Cowan, a former school teacher, in her lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for religious discrimination and 42 U.S.C. § 1983, for violation of her First Amendment rights.  Cowan has filed a cross-appeal.  She

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

appeals from the district court's decision to deny reinstatement as a remedy in this case. We affirm.

## I. BACKGROUND

Leslie Cowan was hired by the Strafford R-VI School District as a second grade teacher on a probationary basis in the fall of 1990. As a probationary teacher, her contract was subject to renewal by the School Board on an annual basis. Customarily, the decision of whether or not to renew an elementary school teacher's contract was made by the School Board with the advice of the school principal, Lucille Cogdill, and in general, the school board followed Cogdill's recommendations.

For the first two years of Cowan's tenure, the School Board renewed Cowan's contract. After her third year, however, the School Board voted unanimously not to renew Cowan's contract in accordance with Cogdill's advice. Cowan believes that this action was a result of a "magic rock letter" that she sent home with her second graders on the last day of school. The letter read as follows:

Dear Second Grader:

You have completed second grade. Because you have worked so hard, you deserve something special and unique; just like you! That something special is your very own magic rock.

The magic rock you have will always let you know that you can do anything that you set your mind to. To make your rock work, close your eyes, rub it and say to yourself three times, "I am a special and terrific person, with talents of my own!" Before you put your rock away, think of three good things about yourself. After you have put your rock away, you will know that the magic has worked.

HAVE FUN IN THIRD GRADE!!!!

Cowan attached a rock to this letter and sent one home with each student in May of 1992.

In August of 1992, Cogdill informed Cowan that she had received complaints from parents regarding the "magic rock letter." In particular, Cogdill indicated that two families had decided to move their children to private Christian schools as a direct result of the use of the letter. Cogdill followed up this discussion with an admonition to Cowan to avoid magical ideas in her teaching. After Cogdill spoke with Cowan regarding the letter, she informed the School District Superintendent that the magic rock letter was a cause for concern among community parents. This information was also passed on to the School Board. Also in August of 1992, Cogdill issued "job targets" to Cowan. Job targets are devices used by the School District to indicate areas of needed improvement in a teacher's performance.[2] The job targets issued to Cowan indicated two areas she needed to improve: interpersonal relationships with parents and instructional process.

At the beginning of the 1992-93 school year, Cogdill held a staff meeting in which she informed the teachers that she was concerned about the perception of the school in the community with regard to teaching New Ageism, and she instructed teachers to avoid magical notions in their teaching. In conjunction with this

---

[2]One of the many factual disputes at trial was whether the School Board had discussed issuing job targets to Cowan in March of 1992, although they were not issued until August, or whether Cogdill had issued the job targets only after the "magic rock" issue came to light. This factual controversy underlies the School District's motion for relief from judgment under Fed.R.Civ.P. 60(b). School Board member Roger Lile testified at trial that he could specifically remember discussing the job targets at the March 1992 meeting based upon his recollection of the timing of Cowan's miscarriage that spring. In rebuttal, Cowan took the stand to testify that she had had a miscarriage in the spring of 1993. Upon discovering that Cowan had had an abortion in the spring of 1992, the School District filed a Rule 60(b) motion alleging that Cowan lied about the miscarriage.

discussion, she announced a seminar coordinated by a local pastor, the Reverend Stark, that was devoted to the issue of New Ageism and the infiltration of New Age thinking in the public schools.

Cogdill had been informed about the seminar by the Reverend Stark personally. He visited Cogdill after he had seen a copy of the magic rock letter brought home by his granddaughter. The Reverend communicated to Cogdill that he considered the letter to be contrary to his religious beliefs. Other members of the Strafford religious community were concerned about the magic rock letter as well. The Reverend Vawter, another local pastor, indicated to his congregants that they needed to be concerned about New Age infiltration of the schools because a teacher in the school system was teaching New Ageism to students through the use of magic rocks.

Over the course of the 1992-93 school year Cogdill showed only lukewarm support for Cowan in her efforts to improve her teaching. Then, in March of 1993, on the eve of the School Board's vote on Cowan's contract renewal, Cogdill suggested to Cowan that she resign because she was not going to be renewed. Cowan did not resign, and shortly thereafter, the School Board voted unanimously not to renew Cowan's contract.

As a consequence of her nonrenewal, Cowan filed suit against the School District alleging that she was not renewed because she had offended the religious sensibilities of the Strafford community. Cowan claimed that the School District acted in violation of her rights under Title VII and the First Amendment. The jury returned a verdict for Cowan on the Title VII, religious discrimination claim, with damages in the amount of $18,000.00. The jury also returned a verdict in Cowan's favor on the First Amendment, 42 U.S.C. § 1983 claim, but no damages were awarded. Post-trial, the district court denied the School District's motion for judgment as a matter of law or, in the alternative, for a new trial. Also, the trial court denied the School District's motion for relief from judgment under Fed.R.Civ.P. 60(b) based upon allegations that

Cowan had committed perjury at trial. In addition, the court considered Cowan's motion to be reinstated in her position with the School District, but rather than reinstate Cowan, the trial court chose to award Cowan two years front pay. Both parties appeal from the trial court's rulings.

## II.  DISCUSSION

### A.  Denial of Summary Judgment

The first issue raised by the School District is whether the district court erred in denying its motion for summary judgment. This Court has directly addressed whether a denial of summary judgment may be reviewed after a full trial on the merits. *See, e.g., Metropolitan Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 354 (8th Cir. 1997)*; Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 434 (8th Cir. 1994). It is well established that "[a] ruling by a district court denying summary judgment is interlocutory in nature and not appealable after a full trial on the merits." *Johnson Int'l* at 434 (citing *Bottineau Farmers Elevator v. Woodward-Clyde Consultants*, 963 F.2d 1064, 1068 n.5 (8th Cir. 1992)). After a district court has denied a summary judgment motion and the case proceeds to trial, the question of whether a party has met its burden is answered by considering the record as a whole, not the pretrial evidence in isolation. *Johnson Int'l* at 434. Therefore, the Court concludes that the first issue raised and briefed by the School District is not properly before this Court.

### B.  Mixed-Motives Analysis

The School District also argues that the trial court erred when it denied the School District's motion for judgment as a matter of law or, in the alternative, for a new trial. On appeal the Court reviews the district court's denial of a motion for judgment as a matter of law de novo using the same standards as the district court. *Keenan v. Computer Assoc. Int'l, Inc.*, 13 F.3d 1266, 1268 (8th Cir. 1994). This Court must

determine "'whether there is sufficient evidence to support a jury verdict.'" *Id.* (quoting *White v. Pence*, 961 F.2d 776, 779 (8th Cir. 1992)). Of course, the Court must view that evidence in the light most favorable to the verdict, and it may not engage in a "weighing or evaluation of the evidence or consider questions of credibility." *Id*. "The law places a high standard on overturning a jury verdict." *Hathaway v. Runyon*, 132 F.3d 1214, 1220 (8th Cir. 1997). Thus, judgment as a matter of law "is only appropriate when all of the evidence points one way and is 'susceptible of no reasonable inference sustaining the position of the nonmoving party.'" *Keenan* at 1269 (quoting *White* at 779). The evidence must be such that no reasonable juror could have found for the non-moving party. *Hathaway* at 220. When an appellate court reviews a denial of a motion for a new trial under Fed.R.Civ.P. 59 (a) a much more deferential standard is used; the trial court's decision will not be reversed absent a clear abuse of discretion. *Keenan* at 1269.

The School District argues that Cowan did not produce any evidence linking the District's employment decision to the magic rock letter as required under Title VII. A plaintiff in a discrimination case under Title VII can proceed under the *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), mixed motives analysis if an employee first establishes that religion was a motivating factor in the employment decision. Then the burden of persuasion shifts to the defendant, who must show that it would have made the same decision even in the absence of the illegal criteria. *See Stacks v. Southwestern Bell Yellow Pages, Inc.*, 996 F.2d 200, 202 (8th Cir. 1993). A plaintiff is entitled to have her case analyzed under the mixed motives standard if she presents "'evidence of conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude. . . .'" *Nitschke v. McDonnell Douglas Corp.*, 68 F.3d 249, 253 (8th Cir. 1995) (quoting *Radabaugh v. Zip Feed Mills*, 997 F.2d 444, 449 (8th Cir. 1993)).

The trial court allowed Cowan to proceed under the *Price Waterhouse* mixed motives analysis, and despite the School District's contentions to the contrary, there was sufficient evidence presented at trial for a reasonable jury to conclude that persons involved in the decision making process were motivated by religious concerns regarding the teaching of New Ageism. Principal Cogdill received complaints from parents who believed the magic rock letter violated their religious beliefs, and during the 1992-93 school year, there was concern among Strafford's religious community regarding the dissemination of New Age beliefs. Cogdill felt compelled to respond to these concerns. She attended a program on New Ageism sponsored by the local religious community where she was called upon to defend the school against attacks that it was practicing anti-Christian, New Age modes of teaching. In this anti-New Age atmosphere, Cogdill instructed her staff members to limit their use of magical notions. Cogdill singled out Cowan in particular and told her to avoid magical ideas in her teaching. While we question whether Cowan properly pled a prima facie case of religious discrimination, since this issue is not properly before the Court, we conclude that Cogdill's conduct in response to the community apprehensions regarding New Ageism coupled with her generally unsupportive behavior toward Cowan, provided sufficient evidence for the jury to conclude that Cogdill was motivated by religious concerns.[3]

---

[3]The Eighth Circuit has neither considered nor adopted the "religious sensibilities" or "employment atmosphere" claim of religious discrimination as articulated by the court in *Turic v. Holland Hospitality, Inc.*, 842 F. Supp. 971 (W.D. Mich 1994) (plaintiff properly pled a claim for religious discrimination where she alleged that Christian co-workers opposed plaintiff's view of abortion and that employer acted in response to co-workers religious approbation of plaintiff), *aff'd in part, rev'd in part on other grounds,* 85 F.3d 1211 (6th Cir. 1996). The Court notes that whether Cowan properly stated her prima facie case was not raised below, and therefore, this Court will not address the issue here.

There was evidence presented at trial indicating that Cowan's teaching performance was poor. In particular, there was evidence demonstrating substantial discrepancies between the grades Cowan gave her students and the scores her students received on standardized tests. The jury could properly discount this evidence, however, in view of the testimony of other teachers who believe that the standardized test scores are not good measures of teacher performance.

Further, although Cogdill was not a voting member of the School Board, there was substantial evidence to indicate the she was intimately involved in the decision making process that led to Cowan's nonrenewal. Cogdill was present and participated in the closed executive School Board meetings in which all contract decisions were made, she presented her recommendation regarding Cowan's contract, and according to the School Board members who testified at trial, Cogdill's judgment was given great weight. Many of the School Board members conceded that in general, Cogdill's recommendation was the most significant factor in the decision whether to renew a teacher's contract. Under these circumstances Cogdill can clearly be regarded as someone who was part of the decision making process, and a reasonable jury could conclude that her animus toward Cowan infected that process. Therefore, the trial court correctly denied the motion for judgment as a matter of law or new trial.[4]

---

[4]Given the foregoing analysis, the Court need not address the School District's argument that the instructions caused confusion among the jurors. In order to preserve an instructional issue for appeal, a party must state the precise basis for its objections in the record. *Dupre v. Fru-Con Eng'g, Inc.*, 112 F.3d 329, 333 (8th Cir. 1997). It is not sufficient for a party to claim that the grounds for the objections were stated off the record, particularly where the parties were invited to state their objections on the record. *Id.* Here, the record indicates that the School District objected to "instruction No. 5 in its entirety. . . . [i]nstruction No. 7 as an improper *Price Waterhouse* burden of proof instruction . . . .[and] the final paragraph of No. 10, as also an improper *Price Waterhouse* burden of proof instruction." Tr. at 968. The School District failed to properly state its "confusion" objection. Thus, our review is under the plain error standard. *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1104 (8th Cir. 1996). Even

In a related argument, the School District contends that the district court abused its discretion in submitting the mixed-motives theory in its jury instructions.[5] As indicated above, the evidence was sufficient to support a verdict under the mixed motives analysis, and therefore, the mixed motives instructions were appropriately submitted to the jury.

## C. Cowan's Miscarriage

The School District contends that the district court abused its discretion by denying its motion under Fed.R.Civ.P. 60(b) based upon newly discovered evidence ENDFIELD

---

assuming, without deciding, that the court gave faulty instructions, any error could not be considered plain, since the evidence was sufficient to support a finding of discrimination. *Id*.

[5]The School District also argues that the trial court erred in submitting jury instruction five which states:

> The defendant Strafford R-VI School District may act only through natural persons as its agents. Under the law prohibiting employment actions based upon religious concerns, the school district may be held responsible for the actions of Mrs. Cogdill, the principal. In addition, any action of the Board of Education regarding non-renewal of teacher contracts is an action for which the school district may be held liable.

The School District contends that this instruction permitted it to be held liable for Cowan's §1983 claim under an impermissible theory of respondeat superior. *See Springdale Educ. Assoc. v. Springdale School Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The School District properly states the law with respect to respondeat superior liability in the § 1983 context, but as indicated above, the School District failed to properly state its objection on the record. Further, the Court believes the instruction may be fairly read to distinguish between the Title VII and § 1983 claims, and thus, any ambiguity certainly does not rise to the level of plain error.

and fraud and its motion for reconsideration of its motion for a new trial. Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial may be grounds for relief from a final judgment under Fed.R.Civ.P. 60(b)(2). *Hicks v. Six Flags Over Mid-America*, 821 F.2d 1311, 1317 n.6 (8th Cir. 1987). Under Fed.R.Civ.P. 60(b)(3), the trial court may relieve a party from a final judgment based upon fraud, misrepresentation or other misconduct of the adverse party. *Id.* Relief is only available under Rule 60(b)(3) where the party's misconduct prevented the moving party from fully and fairly presenting its case. *E. F. Hutton & Co., Inc. v. Berns*, 757 F.2d 215, 217 (8th Cir. 1985). The moving party is required to prove the alleged misconduct by clear and convincing evidence. *Hicks* at 1317. Further, this Court will not overturn a district court's Rule 60(b) ruling absent an abuse of discretion. *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995).

One of the major factual issues in the case was the timing of the School Board's discussion of Cowan's "job targets" which were issued in August of 1992. School Board member Roger Lile testified at trial that he could remember with certainty that the Board had discussed issuing job targets to Cowan in March of 1992 because it was around the same time that Cowan experienced a miscarriage. In response to this testimony, Cowan took the stand and told the jury that she had suffered a miscarriage in the spring of 1993, not in 1992. If the job targets were not discussed at the March 1992 School Board meeting, the implication was that the job targets were issued in August as a consequence of the magic rock letter.

After the conclusion of the trial, the School District examined Cowan's medical records and found evidence that Cowan had an abortion as a result of an ectopic pregnancy at about the same time Lile believed that she had had a miscarriage. Based upon this evidence, the School District filed its 60(b) motion arguing that Cowan had lied regarding her pregnancies.

The district court soundly rejected the School District's argument. The medical evidence presented to the court indicates that Cowan had an ectopic or tubal pregnancy

that was surgically terminated in the spring of 1992 and suffered a miscarriage in the spring of 1993. This Court agrees with the district court that Cowan did not lie regarding the pregnancy in the spring of 1992. Instead, the School District did not ask Cowan questions that would have elicited the information now complained about regarding that pregnancy. This circumstance does not provide an appropriate basis to grant Rule 60(b) relief, nor is the newly discovered evidence of sufficient weight, in view of the trial record, to grant the School District's motion. *Baxter Int'l, Inc. v. Morris*, 11 F.3d 90, 93 (8th Cir. 1993). Therefore, the trial court did not abuse its discretion by denying the Rule 60 (b) motion. Similarly, the district court did not abuse its discretion in refusing to reconsider the School District's motion for a new trial.

## D. Reinstatement

Finally, the Court must consider whether the trial court erred in granting Cowan equitable relief in the form of two years front pay. The trial court's decision to grant Cowan front pay is reviewed for abuse of discretion. *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 322 (8th Cir. 1993). The district court determined that although reinstatement is generally the preferred remedy in an unlawful employment termination case, this case presented extraordinary circumstances which warrant denial of reinstatement. *See, e.g.*, *McIntosh v. Jones Truck Lines, Inc.*, 767 F.2d 433 (8th Cir. 1985); *see also Standley*, 5 F.3d 321-22. We believe the district court correctly concluded that the teacher-principal relationship between Cowan and Cogdill was so badly damaged that none could be reestablished. Without such a working relationship the school would not be able to function properly. *Id*. Thus, where reinstatement presents so extreme a burden this remedy becomes impossible.

Further, we conclude that the trial court correctly determined that two years front pay was the appropriate award in this case. After a finding of discrimination, the court has an obligation to fulfill the make-whole purposes of Title VII. *Taylor v. Teletype Corp.*, 648 F.2d 1129, 1138 (8th Cir. 1981). An award of front pay, however,

-11-

requires the court to consider a number of complicated factors. Here, Cowan was a probationary teacher with a one-year contract, and there was no guarantee that she would continue with the School District because she might move to a different job or because her contract might not be renewed for legitimate reasons. Under such circumstances, the district court did not abuse its discretion in awarding two years front pay.

## III. CONCLUSION

We affirm the district court's entry of judgment on the jury verdict in this case as there was sufficient evidence presented at trial from which a reasonable jury could find in favor of Cowan. Also, the trial court properly denied the School District's motion under Rule 60(b). Finally, the district court did not abuse its discretion in refusing to order reinstatement. The facts of this case demonstrate that reinstatement would be impracticable, if not impossible, given the nature of school operations.

HANSEN, Circuit Judge, concurring.

I concur in the court's opinion and its judgment, but only because the School District failed adequately to raise the issue of whether Cowan met her initial burden of showing a prima facie case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Title VII makes it unlawful for an employer to discriminate against an employee "because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). Religion is defined to include "all aspects of religious observance and practice, as well as belief[.]" Id. § 2000e(j). This court has uniformly interpreted this statute to require a religious discrimination plaintiff to plead and prove both that she has a bona fide religious belief and that she has suffered an adverse employment action because of this bona fide religious belief. See, e.g., Vetter v. Farmland Indus., Inc., 120 F.3d 749, 751 (8th Cir.

1997); Tribulak v. Minirth-Meier-Rice Clinic, 1997 WL 177456, at *1 (8th Cir. 1997) (unpublished); Wilson v. U. S. West Communications, 58 F.3d 1337, 1340 (8th Cir. 1995); Johnson v. Angelica Unif. Group, Inc., 762 F.2d 671, 673 (8th Cir. 1985); Brown v. General Motors Corp., 601 F.2d 956, 959 (8th Cir.1979).

Cowan has never once suggested that she has a bona fide religious belief relating to magic rocks, much less that her employer knew of such a belief or decided not to renew her contract because of it. Her Title VII claim is therefore insufficient as a matter of law and probably would not have withstood a properly crafted motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Were the issue properly raised, I would reverse the district court. However, because the School District has not raised this issue, I concur.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.