HANSEN, Circuit Judge,
concurring.
I concur in the court’s opinion and its judgment, but only because the School District failed adequately to raise the issue of whether Cowan met her initial burden of showing a prima facie case. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).
Title VII makes it unlawful for an employer to discriminate against an employee “because of such individual’s ... religion[.]” 42 U.S.C. § 2000e-2(a)(l). Religion is defined to include “all aspects of religious observance and practice, as well as belief[.]” Id. § 2000e(j). This court has uniformly interpreted this statute to require a religious discrimination plaintiff to plead and prove both that she has a bona fide religious belief and that she has suffered an adverse employment action because of this bona fide religious belief. See, e.g., Vetter v. Farmland Indus., Inc., 120 F.3d 749, 751 (8th Cir.1997); Tribulak v. Minirth-Meier-Rice Clinic, 1997 WL 177456, at *1 (8th Cir.1997) (unpublished); Wilson v. U.S. West Communications, 58 F.3d 1337, 1340 (8th Cir.1995); Johnson v. Angelica Unif. Group, Inc., 762 F.2d 671, 673 (8th Cir.1985); Brown v. General Motors Corp., 601 F.2d 956, 959 (8th Cir.1979).
Cowan has never once suggested that she has a bona fide religious belief relating to *1161 magic rocks, much less that her employer knew of such a belief or decided not to renew her contract because of it. Her Title VII claim is therefore insufficient as a matter of law and probably would not have withstood a properly crafted motion to dismiss for failure to state a claim. See Fed.R.Civ.P. 12(b)(6). Were the issue properly raised, I would reverse the district court. However, because the School District has not raised this issue, I concur.