17 F.Supp.2d 949 (1998)
John BIZELLI, Plaintiff,
v.
PARKER AMCHEM and Henkel Corporation, Defendants.
No. 4:96 CV 00322 SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 25, 1998.
*950 *951 Jerome J. Dobson, Jonathan C. Berns, Gregory A. Rich, Weinhaus and Dobson, St. Louis, MO, for Plaintiff.
Francis X. Bujold, Chandler and Bujold, Troy, MI, for Defendants.

ORDER
LIMBAUGH, District Judge.
This matter is before the Court on Defendants' Motion for a New Trial or to Amend the Judgment (# 92). Also pending is Plaintiff's Motion for Front Pay, Prejudgment Interest and Injunctive Relief (# 96).
The underlying employment discrimination action arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Plaintiff's Complaint is in two counts. Count I alleges that Defendants failed to reasonably accommodate Plaintiff in October, 1994, by refusing to allow him to return to work with a ten pound lifting restriction for a period of limited duration after his surgery for testicular cancer. Count II alleges that Defendants discriminated against Plaintiff on account of his record of testicular cancer in February, 1995, when they terminated his employment.
On November 24, 1997, a jury returned a verdict in favor of Plaintiff on both counts. On Count I, the jury awarded Plaintiff $5,000.00 in lost wages and benefits from October, 1994 until February, 1995 and $400,000.00 in compensatory damages. On Count II, the jury awarded Plaintiff $50,000.00 in lost wages and benefits from February, 1995 until the date of the verdict and $100,000.00 in compensatory damages. The Court granted judgment as a matter of law in favor of Defendants on the issue of punitive damages.
Defendants filed its motion for a new trial or to amend the Judgment on December 9, 1997. Plaintiff filed his motion for front pay, prejudgment interest and equitable relief on December 15, 1997. The Court held an evidentiary hearing on the issue of reinstatement and front pay on March 18, 1998. The parties were then given time to file supplemental briefs. Both matters are now fully before the Court.
Defendants argue that they are entitled to a new trial because the Court erred in instructing the jury and because Plaintiff's counsel unfairly prejudiced the jury with improper statements during his closing argument. Defendants also contend that the damages award was excessive and against the great weight of the evidence. Alternatively, Defendants argue that the Court should amend the Judgment because the damages award exceeds the statutory limit on compensatory damages for "future pecuniary loss." See 42 U.S.C. § 1981a(b)(3).

Jury Instructions
Defendants maintain that the Court erred in instructing the jury on what constitutes an "accommodation" under the ADA. The Court's instruction was based on the working draft model jury instruction for the Eighth Circuit. In addition to providing a definition of accommodation, the working draft model instruction contains several examples. At the instruction conference, the parties agreed to strike the examples that were not pertinent to Plaintiff's claims. Defendants not only failed to object to the instruction, they helped craft it. Nevertheless, Defendants now argue that the instruction as given misled the jury, placed undue emphasis on job restructuring and suggested that failure to provide a job restructuring is a per se violation of the ADA. Accordingly, Defendants argue that giving the instruction amounted to plain error.
Defendants' arguments are unavailing. The instruction given does not mandate a finding for Plaintiff if job restructuring is not offered as an accommodation, nor does it place undue emphasis on job restructuring as a means of accommodation. On the contrary, the instruction expressly states that "[a]n accommodation may include job restructuring, reassignment to a vacant position and other similar accommodations for individuals with disabilities." Plainly this instruction posits job restructuring only as a possible type of accommodation. The fact that there are other types of accommodation not addressed by the instruction is irrelevant. Moreover, any possible misperception would *952 have been cured by the remainder of the instruction which states:
You must determine whether the accommodation is reasonable. A defendant is not required to make an accommodation if it is not reasonable or if it would result in an undue hardship on the operations of defendant's business
As a whole, and viewed in the light of the evidence and applicable law, the instruction given "fairly and adequately submitted the issues in the case to the jury." Kim v. Nash Finch Co., 123 F.3d 1046, 1057 (8th Cir.1997) (internal quotations omitted).
Defendants next argue that the Court erred in failing to instruct the jury that the ADA permits employers to condition employment on successful pre-employment physicals and to make medical and other inquires to determine an employee's fitness for work. Defendants tendered such an instruction; it was refused by the Court.
Although Defendants correctly state what the statute permits, so long as a proper essential elements instruction is given it is not necessary to instruct the jury on every other accurate statement of the law. Indeed, in some instances, such a superfluous instruction may only serve to confuse or mislead the jury as to the essential elements of the case. For instance, in the case at bar, there was a bona fide issue of fact as to whether Defendants actually had a policy of conditioning employment on successful pre-employment physicals or whether Defendants used this stated policy to discriminatorily remove Plaintiff from their workforce. The jury was instructed that it could not find for Plaintiff unless it concluded that Defendants' actions were motivated by his record of cancer and that Defendants have the right to make their employment decisions for any reason at all, so long as their decisions are not discriminatory. No further instructions were necessary.
Finally, Defendants argue that the Court erred in failing to instruct the jury that absent special circumstances, Plaintiff's rejection of an unconditional offer of reinstatement ends the accrual of back pay liability. Defendants tendered such an instruction; it was refused by the Court.
In Smith v. World Insurance Co., 38 F.3d 1456, 1465 (8th Cir.1994), the Eighth Circuit held that because the rejection of an unconditional offer of reinstatement has particular and discrete legal significance, defendants are entitled to a specific instruction on its effect. Failure to give such an instruction constitutes reversible error. Id.
The holding in Smith, however, is distinguishable from the case at bar on two grounds. First, and more importantly, the offer of reinstatement extended to Plaintiff in February, 1995, was not unconditional. Plaintiff was told that he could return to work but subject to temporary work restrictions. He was further told that his condition would be reevaluated at some future date. Plaintiff maintains that Defendants suggested his employment could be terminated if he was unable to demonstrate full capacity in these later examinations. Second, unlike the situation in Smith where the offer of reinstatement came sometime after the alleged discriminatory act that gave rise to the lawsuit, the offer of reinstatement and subsequent termination in February, 1995, constitute the substantive allegations of Count II of Plaintiff's Complaint. Accordingly, the jury could not have found for Plaintiff on Count II of his Complaint unless it first determined that the offer of reinstatement was unreasonable or that Plaintiff's rejection of the offer was reasonable.

Plaintiff's Closing Argument
Defendants urge the Court to order a new trial because Plaintiff's counsel made improper remarks to the jury during his closing argument. Specifically, Defendants argue that Plaintiff's counsel made reference to a punitive award, asked the jury to rule in favor of all disabled individuals and attacked the integrity of Defendants' counsel.
Before the case was argued to the jury, the Court granted judgment as a matter of law in favor of Defendants on the issue of punitive damages. Nevertheless, in his closing argument, Plaintiff's counsel asked the jury for a substantial award, "an award that this giant corporation, Dusseldorf, Germany, *953 will know, will feel pain...." Defendants' counsel immediately objected. The Court sustained the objection and instructed the jury that the language was not proper argument.
In the context of the entire forty minute closing argument, the Court does not believe that this half sentence, which was immediately objected to and admonished by the Court, warrants a new trial. While the Court does not condone the conduct of Plaintiff's counsel, any prejudice resulting from this misstatement was harmless.
Likewise, counsel's reference to other disabled individuals, though improper, was harmless in the context it was made. Defendants' counsel again immediately objected and the Court instructed the jury, "[w]e are only deciding this case today." The Court does not believe that these remarks had any bearing on the ultimate verdict rendered in this case.
Finally, Defendants' counsel argues that Plaintiff's counsel improperly attacked his integrity by arguing that a witness changed his testimony after the company got to him. The Court does not find the argument improper.

Excessive Verdict
Defendants argue that, in any event, the verdict rendered in this case was excessive as a matter of law. See e.g., Richardson v. Communications Workers of America, AFL  CIO, 530 F.2d 126 (8th Cir.1976). Defendants argue that the Eighth Circuit has noted that compensatory damages in cases such as this generally range from $40,000.00 to $150,000.00. Kim, 123 F.3d at 1067. Yet, the Court does not understand this parenthetical reference to set an aspirational goal for district courts faced with this situation. On the contrary, each case and each award of compensatory damages must be analyzed on its merits in light of the evidence adduced at trial.
The evidence adduced in this case amply supports the jury's verdict. In addition to his own testimony, Plaintiff presented expert medical testimony on his emotional reaction to Defendants' discriminatory conduct. In fact, even Defendants' expert witness testified about Plaintiff's fragile mental condition. Neither a new trial nor remitter is warranted.

Statutory Limits on Compensatory Damages
Defendants argue that the $500,000.00 award of compensatory damages should be reduced because it exceeds the statutory limit on compensatory damages for "future pecuniary loss." See 42 U.S.C. § 1981a(b)(3). Plaintiff does not dispute the statutory limit, or its application to his claims under the ADA. Rather, Plaintiff argues that he also brought his claims under the Missouri Human Rights Act ("MHRA"), Mo.Rev. Stat. § 210.010 et seq. There is no statutory limit under the Missouri statute. Defendant responds that Plaintiff abandoned his claims under the MHRA and that the jury was not instructed on the MHRA.
Contrary to Defendants' assertions, there is nothing in the record to indicate that Plaintiff dismissed or abandoned his claims under the MHRA. Furthermore, as to liability, the standards and elements for a violation of the MHRA are the same as the ADA. See e.g., Mathews v. Trilogy Communications, Inc., 143 F.3d 1160, 1164 n. 5 (8th Cir.1998). Accordingly, no separate instruction was warranted. See Kim, 123 F.3d at 1064 ("We are satisfied that, given the substantial identity of Title VII and § 1981 as theories of recovery, the jury's finding of intentional discrimination under Title VII also constituted a finding of intentional discrimination under § 1981, even though the instructions ... did not refer to § 1981.").

Front Pay
Generally, reinstatement is the preferred remedy in an unlawful termination case. Cowan v. Strafford R-VI School District, 140 F.3d 1153, 1160 (8th Cir.1998). If, however, reinstatement is impossible or impracticable, a district court may, in its equitable discretion, award front pay. Id.; Newhouse v. McCormick & Co., 110 F.3d 635, 641 (8th Cir.1997); Philipp v. ANR Freight System, Inc., 61 F.3d 669, 674 (8th Cir.1995).
*954 Plaintiff argues that reinstatement is both impossible and impracticable because of the extreme hostility Defendants have shown him prior to and during the prosecution of this lawsuit. He also argues that he will experience significant psychological difficulties if he is forced to return to his previous employment. Nevertheless, Plaintiff argues that he is entitled to some compensation for the discrepancy between his current rate of pay and that which he would have earned as a chemical operator. Accordingly, Plaintiff seeks an award of front pay for a period of ten years.
Defendants argue that Plaintiff has been given a legitimate offer of reinstatement and that there is no evidence to suggest that reinstatement is either impossible or impracticable.[1] Defendants deny that they have exhibited any hostility toward Plaintiff and argue that Plaintiff's emotional difficulties are most likely a fabrication.
On March 18, 1998, the Court held an evidentiary hearing on the issue of reinstatement and front pay. At that time, the Court provisionally accepted Defendants' post-trial exhibit E, pending the testimony of Janice Craig, payroll supervisor of the St. Louis Police Department. The Court will receive exhibit E into evidence at this time.
The Court concludes that reinstatement is impracticable in light of the evidence presented. Notwithstanding Defendants assertions to the contrary, the Court finds that Plaintiff has been treated with open hostility by Defendants since he first attempted to return to his employment following his surgery for testicular cancer. The Court also finds Plaintiff's allegations of emotional difficulties surrounding his potential reinstatement to be credible. Accordingly, the Court will not order reinstatement but will instead order an award of front pay. The Court, however, believes that ten years is excessive in view of the verdict rendered and Plaintiff's overall satisfaction with his current employment. Accordingly, the Court concludes that Plaintiff is entitled to one year of front pay, in the amount of $18,000.00. The Court is confident that this award will make Plaintiff whole.[2]

Prejudgment Interest
A district court may, in its discretion, enter an award of prejudgment interest "when the damage award does not otherwise make the plaintiff whole." Smith, 38 F.3d at 1467. As stated above, the Court is confident that the damages award has made Plaintiff whole. Accordingly, his request for prejudgment interest will be denied.

Injunctive Relief
Plaintiff argues that the evidence adduced at trial indicates that Defendants have a policy against allowing employees to return to work with any restrictions. Plaintiff argues that this policy patently violates the ADA, and asks the Court to enjoin Defendants from engaging in any future discrimination pursuant to their policies. The Court is unsure whether Defendants have such a policy in effect and, therefore, denies Plaintiff's request. Nevertheless, the Court does *955 expect Defendants to abide by the laws in all of their future employment decisions.
Accordingly,
IT IS HEREBY ORDERED that Defendants' Motion for a New Trial or to Amend the Judgment (# 92) is DENIED.
IT IS FURTHER ORDERED that Plaintiff's Motion for Front Pay, Prejudgment Interest and Injunctive Relief (# 96) is GRANTED in part and DENIED in part.
IT IS FURTHER ORDERED that Plaintiff is entitled to one year of front pay in the amount of $18,000.00

AMENDED JUDGMENT
IT IS HEREBY ORDERED that the judgment entered on November 24, 1997 is VACATED.
IT IS FURTHER ORDERED that final judgment is entered in favor of Plaintiff on his claims of disability discrimination in the amount of $573,000.00.
IT IS FINALLY ORDERED that the time for filing motions for attorneys' fees and costs is STAYED until Monday, September 28, 1998. If the parties are unable to reach an agreement as to attorneys' fees and costs, the Court will entertain any appropriate motions at that time.
NOTES
[1] The offer of reinstatement to which Defendants refer is not the offer made in February, 1995, and discussed above. On March 6, 1998, Defendants made Plaintiff an unconditional offer of reinstatement to a newly created position.
[2] The Court's award of front pay is not subject to the statutory limit on compensatory damages for "future pecuniary loss." See 42 U.S.C. § 1981a(b)(3). The Eighth Circuit has held that front pay is a form of equitable relief. See Newhouse, 110 F.3d at 641 ("Front pay is an equitable remedy, which the district court in its discretion may award under the [civil rights statutes] to make the injured party whole.") (quoting Smith, 38 F.3d at 1466). Front pay is not so much a monetary award for the salary that the employee would have received but for the discrimination, but rather the monetary equivalent of reinstatement, to be given in situations where reinstatement is impracticable or impossible. See e.g., Newhouse, 110 F.3d at 641; Philipp, 61 F.3d at 674. This subtle distinction is more than semantics because 42 U.S.C. § 1981a(b)(2) provides that, "[c]ompensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964." (emphasis added). The Court, therefore, respectfully, disagrees with the Sixth Circuit's decision in Hudson v. Reno, 130 F.3d 1193, 1202-04 (6th Cir.1997), and concludes that front pay is an equitable remedy excluded from statutory limit on compensatory damages provided for in section 1981a(b)(3).